**In re John A. GALBREATH**

No. 01–1620.

United States Court of Appeals, Federal Circuit.

May 9, 2002.

Before MAYER, Chief Judge, RADER and BRYSON, Circuit Judges.

PER CURIAM.

John A. Galbreath seeks review of the November 6, 2000, decision of the Trademark Trial and Appeal Board, Serial No. 75/625,646, affirming the Patent and Trademark Office's refusal to register his trademark as merely descriptive. We *affirm*.

A board decision must be affirmed unless it is found to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000). No mark may be refused registration unless "when used on or in connection with the goods of the applicant is merely descriptive ... of them." 15 U.S.C. § 1052(e)(1) (2000). Placement of a trademark on the fanciful-suggestive-descriptive-generic continuum requires a factual determination, which we review for substantial evidence. *In re Dial–A–Mattress Operating Corp.*, 240 F.3d 1341, 1344, 57 USPQ2d 1807, 1810 (Fed.Cir.2001).

Galbreath argues that the board's finding that his mark, SAFE–T–BUCKLE, for "plastic buckle fasteners for use in child strollers, high chairs, child carriers, changing stations, shopping cart restraint systems and similar articles," *In re John A. Galbreath*, Serial No. 75/625,646 (filed Jan. 25, 1999), is merely descriptive of his products is unsupported by substantial evidence. We do not agree. As an initial matter, SAFE–T–BUCKLE is the phonetic equivalent of "safety buckle," upon which the descriptiveness analysis is based. *See In re Omaha Nat'l Corp.*, 819 F.2d 1117, 1118, 2 USPQ2d 1859, 1860 (Fed.Cir.1987) (affirming refusal to register "FirsTier," a phonetic equivalent of "first tier"). "A mark is merely descriptive if it immediately conveys qualities or characteristics of the goods" to the purchasing public. *In re Nett Designs, Inc.*, 236 F.3d 1339, 1341, 57 USPQ2d 1564, 1566 (Fed.Cir.2001). Any competent source may demonstrate the purchasing public's understanding of the mark's terms. *Id.* The board found that the examining attorney properly consulted dictionary definitions of "safety" and "buckle," and determined that the mark immediately conveyed to the public that the product is a fastener used for safety purposes. And the examining attorney also presented excerpts from widely distributed periodicals using the term "safety buckle" to describe fasteners used in the same manner as Galbreath's buckles. Galbreath asserts that the examining attorney's excerpts are insufficient because they are repetitive, and do not pertain to the precise class of goods into which his buckles fall. We agree with the board, however, that the dictionary definitions and the excerpts constitute substantial evidence to demonstrate the descriptive nature of the term to the purchasing public.

Galbreath claims that "safety buckle" is not descriptive because "safety" does not commonly modify "buckle." In support, he asserts that there are a myriad of sources that the examining attorney failed to consider, which refer to "buckle" without the word "safety." A mark, however, need not be a common compound word to convey the good's characteristics. *See, e.g., In re Abcor Dev. Corp.*, 588 F.2d 811, 812, 200 USPQ 215, 216 (C.C.P.A.1978) (affirming the board's finding that "GAS-BADGE" is merely descriptive of a badge which detects gaseous pollutants).

Galbreath also argues that the refusal to register his mark represents an inconsis-

tent standard of trademark registration because other marks with the prefix "Safe–T" have been approved. We see no inconsistency. The Patent and Trademark Office must decide each case on its own merits; and third party registrations of other marks using the same terms do not conclusively rebut a finding of descriptiveness. *In re Nett Design, Inc.*, 236 F.3d at 1342, 57 USPQ2d at 1566. A mark qualifies for registration if it "requires imagination, thought and perception to arrive at the qualities or characteristics of the goods." *Id.* at 1341, 236 F.3d 1339, 57 USPQ2d at 1566. Unlike the mark at issue, which immediately describes a safety buckle, the registered marks cited by Galbreath, such as "Safe–T–Belt®" for back braces and "Safe–T–Strap ™" for support lines for construction workers, do not immediately describe the relevant goods, but are suggestive and require a mental step to relate the marks to the goods.

Galbreath asserts that the board abused its discretion in excluding evidence that he submitted for the first time on appeal. Abuse of discretion lies here if the board's action reflects "an unreasonable exercise of judgment in weighing relevant factors." *Bridgestone/Firestone Research, Inc. v. Auto. Club de l'Ouest de la France*, 245 F.3d 1359, 1361, 58 USPQ2d 1460, 1462 (Fed.Cir.2001). The record demonstrates that the board thoroughly considered that the evidence was available prior to the filing of his appeal brief, that administrative efficiency must be preserved, and that Galbreath acted *pro se.* Because Galbreath had more than one year, while his application was before the Patent and Trademark Office, to submit his evidence, we believe the board's decision to exclude the evidence was reasonable.

Last, Galbreath argues that the board abused its discretion by considering the examining attorney's brief because it was submitted untimely. Galbreath petitioned the Commissioner for Trademarks to review the issue under 37 C.F.R. § 2.146(a)(3). The Commissioner found that the board did not abuse its discretion because the time period by which the examining attorney must file a brief is not statutory, and pursuant to Trademark Trial and Appeal Board Manual of Procedure section 1203.02(b) the board possesses the authority to accept late filings with adequate explanation. And because the examining attorney's statement, concerning the discrepancy between the postmark on the brief received by Galbreath and the file date reflected in the agency's document tracking system, was consistent with typical Office practice, it was adequate. Because we lack jurisdiction to review the Commissioner's decision, we may not disturb his determination. *See* 15 U.S.C. § 1071(a)(1) (2000); 37 C.F.R. § 2.145(a) (2001) (granting review of the Commissioner's decisions only with respect to section 8 affidavits and applications for renewals).