58 CCPA

### Application of AMERICAN SOCIETY OF CLINICAL PATHOLOGISTS, INC.

#### Patent Appeal No. 8531.

United States Court of Customs and Patent Appeals.

May 27, 1971.

---

Lane, J., dissented.

Philip B. Polster, J. Philip Polster, Polster & Polster, St. Louis, Mo., attorneys of record, for appellant.

S. Wm. Cochran, Washington, D.C., for the Commissioner of Patents. Jack E. Armore, Washington, D.C., of counsel.

Before RICH, ALMOND, BALDWIN, and LANE, Judges, and LANDIS, Judge, United States Customs Court, sitting by designation.

ALMOND, Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board, 159 USPQ 622 (1968), affirming the examiner's refusal to register on the Principal Register the designation "REGISTRY OF MEDICAL TECHNOLOGISTS"[1] for hereinafter described services because the wording is merely descriptive of appellant's services "within the meaning of Section 2(e) (1) of the Statute" (15 U.S.C. § 1052).

Asserting first use as early as 1936, the application seeking registration of the above-quoted term describes the services to be covered thereby as follows:

* * * providing national board examinations in medical technology and related specialties, certifying qualified persons according to their qualifications, as medical technologists, histologic technicians, etc., publishing information about requirements for qualification of school curricula and the like and publicizing opportunities for careers in medical technology and related specialties.

The examiner refused registration reasoning that the wording of the term sought to be registered "is merely descriptive of the claimed services," that the asserted long use "would appear to support use of the alleged mark mainly as a trade name," and that the wording in conjunction with the claimed services "immediately conveys the impression that the latter are in some way connected with the maintenance of a roster of medical technologists."

In its affirmance of the examiner's refusal of registration, the board, one member dissenting, stated that:

It appears from the literature of record herein that applicant is engaged, inter alia, in maintaining a registry of medical technologists for use by medical and hospital groups. There can be no question but that "REGISTRY OF MEDICAL TECHNOLOGISTS" possesses a merely descriptive significance as applied to this service. It likewise appears that the services described in the application * * * are all part and parcel of the function of creating and maintaining a registry of medical technologists. It is manifest that if the term

"REGISTRY OF MEDICAL TECHNOLOGISTS" is merely descriptive of

---

1. Application serial No. 178,317 filed October 4, 1963.

the service of establishing a roster or registry of medical technologists, it is also descriptive of those services that are incidental to and/or necessary adjuncts thereto.

The board found nothing in the record to show that the term REGISTRY OF MEDICAL TECHNOLOGISTS had any significance other than as a designation describing the nature and character of appellant's services, adding that the fact that:

\* \* \* applicant has received many inquiries addressed to "REGISTRY OF MEDICAL TECHNOLOGISTS" is merely a reflection of applicant's use of the designation in certain literature as a trade name signifying a standing committee of applicant's organization and does not, in and of itself, dispel the descriptive character of the term.

The parties here are in agreement that the principal issue is whether or not the mark sought to be registered "is merely descriptive of any or all of the services." There is further agreement that (a) "descriptiveness of a mark must be determined in relation to the goods or services for which registration is sought," and (b) "registration should be refused if the mark is descriptive of any of the goods or services for which registration is sought." These are well settled legal principles.

Inquiry, therefore, must be focused on the services for which the mark in issue is sought to be registered. In the interest of clarity and convenience, we break these services into four parts: [2]

(1) providing national board examinations in medical technology and related specialties;

(2) certifying qualified persons according to their qualifications, as medical technologists, histologic technicians, etc.;

(3) publishing information about requirements for qualification of school curricula and the like; and

(4) publicizing opportunities for careers in medical technology and related specialties.

An examination of the printed pamphlet filed as a specimen with the application reveals that:

In 1928 the American Society of Clinical Pathologists established a Board of Registry of Medical Technologists to certify qualified personnel in this field.

Webster's New International Dictionary (Second Edition) defines "registry" as "1. Act of registering; enrollment; registration. 2. The state or fact of being entered in a register \* \* \*. 3. The place where a register is kept, a place of registration \* \* \*. 4. A register; an official record book or an entry in one." In view of appellant's own pamphlet and the dictionary definition of "registry," we think it clear that appellant certifies qualified personnel and maintains a register of personnel so certified. The function of certifying qualified personnel corresponds to service (2), supra, and would by itself indicate that appellant maintains a registration system or roster of qualified medical technologists. The certifying of qualified personnel would, according to Webster's definition of "certify," be the designation of individuals "as fitted to pursue a certain kind of study or work." A body or agency charged with the responsibility of certifying individuals would normally be expected to maintain a record, roster or list of the individuals certified as qualified for a particular endeavor. It would, therefore, seem to logically follow that service as delineated in (2), supra, would require a registry, record system or roster of qualified medical technologists. The same rationale would apply to service (1).

There is no basis for dispute that appellant as a matter of fact maintains a roster or registry of medical technolo-

2. It is to be noted that a fifth service, "maintaining a roster of certified personnel," was removed by amendment.

gists. For reasons hereinabove assigned, it is logical to conclude that that service is expressly or at least implicitly indicated by services (1) and (2). The other services, (3) and (4), are manifestly supporting services, ancillary or auxiliary, to the primary function of appellant of "maintaining a registry of medical technologists for use by medical and hospital groups." Because the registry of medical technologists and the four services delineated are so mutually interdependent, i. e., the acts of certifying qualified personnel as medical technologists, etc. necessitate maintenance of a registry of medical technologists and the act of registering medical technologists or maintaining a registry generally implies some form of certification, etc., we think the term REGISTRY OF MEDICAL TECHNOLOGISTS would immediately convey to one seeing or hearing it the thought of appellant's services. Therefore, we think the mark "merely descriptive" of those services. Under the facts of this case, the "merely descriptive" character of appellant's mark renders it nonregistrable on the Principal Register by reason of the prohibiting terms of section 2(e) (1) of the Trademark Act.

We have reviewed and considered appellant's contentions and argument. We are not persuaded of reversible error in the decision of the board, which we therefore affirm.

Affirmed.

LANE, J., dissents.