## Application of RICHARDSON INK COMPANY.

### Patent Appeal Nos. 74–609, 74–610.

United States Court of Customs and Patent Appeals.

March 6, 1975.

---

Alan M. Abrams, Robert E. Sloat, Des Plaines, Ill., attorneys of record, for appellant.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents. Jack E. Armore, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, RICH, LANE and MILLER, Judges, and ALMOND, Senior Judge.

LANE, Judge.

## DECISION

These appeals are from the decisions of the Trademark Trial and Appeal Board, 181 USPQ 845, 846 (1974), affirming the examiner's ex parte refusal to register the wordmarks SOLID STATE (Ser. No. 390,313, filed April 26, 1971) and RICO SOLID STATE (Ser. No. 381,-950, filed January 25, 1971) for printing ink compositions and vehicles for printing inks, use since January 8, 1971 being asserted. We affirm.

## OPINION

Registration of the wordmark SOLID STATE was refused under the provisions

of section 2(e)(1) of the Trademark Act of 1946 (15 U.S.C. § 1052(e)(1)) on the ground that the mark was merely descriptive of appellant's goods. The examiner and the board made reference to a page from a publication entitled *The Manufacture and Use of Printing Inks*, in which the following appears:

7. *Hardening on Cooling—Cold Set Inks*—These inks are solid materials at room temperatures, and become liquids or pastes by heating. They must be printed on special presses on which the rollers, the printing plates, and other parts of the presses are heated to a temperature above the melting point of the solid ink. After printing on the paper, the melted ink film solidifies and is dry as soon as it cools.

The board found that "Cold Set Inks" are solid inks, i. e., inks which came in a solid form, condition or state, and that the term "solid state" therefore constitutes normal language to describe such solid inks.

■ We agree that SOLID STATE is part of the apt descriptive name of appellant's goods, in the sense that "wing nut" is the apt descriptive name of a nut with wings that provide a grip for the thumb and finger (Webster's New Collegiate Dictionary (1974); see In re Ideal Industries, Inc., 508 F.2d 1336, 184 USPQ 487 (1975)). It is well settled that there is no right to the exclusive use of a mark which is only a name for or only describes a characteristic of the goods. Delaware & Hudson Canal Co. v. Clark, 80 U.S. (13 Wall.) 311, 324, 20 L.Ed. 581 (1871).

■ Appellant urges that the descriptiveness of a mark under section 2(e)(1) must be determined in relation to the goods for which registration is sought; that printing inks and vehicles for printing inks are normally liquids (i. e., materials in the liquid state); that the term SOLID STATE cannot be used to describe any characteristic common to *all* printing inks; and that the board therefore erroneously concluded that the mark SOLID STATE is descriptive of *all*

printing inks and vehicles for printing inks. We do not agree. The law is settled that registration should be refused if the mark is descriptive of *any* of the goods for which registration is sought. In re American Soc'y of Clinical Pathologists, Inc., 442 F.2d 1404, 58 CCPA 1240 (1971). Solid state inks are included within the goods for which appellant seeks registration of the mark SOLID STATE. The mark indicates a characteristic, property or quality of at least some of appellant's goods and registration was therefore properly refused.

■ Registration of the wordmark RICO SOLID STATE was refused under the provisions of section 6 of the Trademark Act of 1946 (15 U.S.C. § 1056) on the ground that the words SOLID STATE are merely descriptive of appellant's goods and should be disclaimed.

Appellant urges that the mark must be considered in its entirety; that the prefix RICO is arbitrary and registrable when applied to printing inks; and that the composite mark RICO SOLID STATE considered in its entirety is not merely descriptive of printing inks, but rather is arbitrary and fanciful and accordingly registrable.

We agree with appellant that the composite mark RICO SOLID STATE must be considered in its entirety, and that so considered the mark is not merely descriptive of appellant's goods. Although appellant's mark RICO SOLID STATE as a whole is not "merely descriptive," and hence registrable, appellant is not entitled to register the same unless descriptive and unregistrable subject matter contained therein is disclaimed. Moreover, the Commissioner of Patents and Trademarks has the right to enforce his requirement for disclaimer by a refusal to register the mark in the event that the requirement is not met. In re Hercules Fasteners, Inc., 203 F.2d 753, 40 CCPA 944 (1953). We think this is clearly in accordance with the mandate of section 6 of the Trademark Act of 1946 (15 U.S.C. § 1056).

In view of the foregoing, it follows that if the words SOLID STATE, which

it appears appellant has declined to disclaim, are descriptive of appellant's goods within the prohibition of section 2(e)(1), then the Commissioner did not err in conditionally refusing registration. In re Hercules Fasteners, Inc., supra. For the reasons we have already discussed, we find that the words SOLID STATE are, so far as the record shows, merely descriptive of appellant's goods within the prohibition of section 2(e)(1) and registration of the mark RICO SOLID STATE was therefore properly refused.

The decisions of the Trademark Trial and Appeal Board are affirmed.

Affirmed.