THIS OPINION IS CITABLE
AS PRECEDENT OF THE
TTAB

Mailed:
May 17, 2006

**UNITED STATES PATENT AND TRADEMARK OFFICE**
_____

**Trademark Trial and Appeal Board**
_____

In re Grass GmbH
_____

Serial No. 76544861
_____

Andrew Roppel of Kilpatrick Stockton LLP for Grass GmbH.

William H. Dawe III, Trademark Examining Attorney, Law Office 108 (Andrew Lawrence, Managing Attorney).
_____

Before Hairston, Grendel and Zervas, Administrative Trademark Judges.

Opinion by Grendel, Administrative Trademark Judge:

Applicant seeks registration on the Principal Register of the mark SNAP ON 3000 AIRMATIC (in standard character form) for various items of furniture hardware and fittings identified in the application, as amended, as

> metal furniture hinges; metal furniture fittings, namely, follower strips for aligning slides and hinges, base plates for connecting hinges and slides to doors and drawers, cover caps for concealing exposed screw heads or holes, cover plates for concealing holes, face frame adapter plates for installing hinges to face frame cabinets and drawers, angle reduction clips for reducing the angle between the front or back of a drawer and the railing, hooks, dowels, screws, screw fasteners in

the nature of threaded fasteners, support brackets for shelves, spacers for creating and maintaining appropriate gaps for shelves, drawers, and cabinets, angle correction wedges for correcting the angle between the base plate of the hinge and the side of a cupboard, and locks; adjustable metal furniture fittings, namely, front plate adjustment hardware for metal, plastic and/or wood drawer slides

in International Class 6, and

metal furniture fittings, namely, door slides; furniture compartments/dividers and furniture drawers of metal; metal drawer frames; divider systems for furniture drawers and furniture compartments comprised of metal furniture divider elements, knife inserts, spice rack inserts, and silver ware inserts; furniture, namely, furniture compartments/dividers and furniture drawers of plastic and/or wood; non-metal drawer frames; non-metal furniture hinges; non-metal furniture fittings, namely, cover caps for concealing exposed screw heads or holes, cover plates for concealing holes, spacer wedges for creating and maintaining appropriate gaps for shelves, drawers, and cabinets, spacers for creating and maintaining appropriate gaps for shelves, drawers, and cabinets, door protectors for protecting doors from damage, dowels, locking clips for locking drawers, shelf supports for providing support and stability to shelves, bumper pads for preventing noise and vibration during the opening and closing of drawers and doors, door stops for stopping doors at a point certain, damping elements in the nature of a pneumatic shock absorber for absorbing the force and noise of a slammed or quickly shut drawer or door and for allowing the drawer or door to gently shut, support brackets for shelves, pilaster strips in the nature of inserts that allow for shelves or drawers to be installed at different heights, pilaster dowels for connecting shelves or drawers to pilaster strips, couplers in the nature of threaded and unthreaded connectors for use with furniture and its parts and fittings, fasteners in the nature of screws and connector pins, stabilizers for providing added

2

stability and support to doors and drawers, cross braces and corner braces for providing added stability and support to doors, shelves, and drawers, drawer clamps, rollers for drawer slides, and screws; adjustable non-metal furniture fittings, namely, front plate adjustment hardware for metal, plastic and/or wood drawer slides; divider systems for furniture drawers and furniture compartments comprised of furniture divider elements, knife inserts, spice rack inserts and silver ware inserts of wood, or wood and metal and/or plastic

in International Class 20.[1]

In response to the Trademark Examining Attorney's request for information in the first Office action, applicant stated that the significance of the wording "snap on" in the mark is that "some of Applicant's goods are affixed by snapping them on," and that the significance of "3000" in the mark is that it "is a model number." Applicant also responded to the Trademark Examining Attorney's requirement for a disclaimer of this matter by submitting the following disclaimer: "No claim is made to the exclusive right to use SNAP ON and 3000 apart from the mark as shown."

---

[1] Serial No. 76544861, filed September 4, 2003. The application is made under Trademark Act Section 44(e) based on applicant's German Registration No. 30311833, with a claim of priority under Trademark Act Section 44(d) based on applicant's German application no. 30311833.4/0, filed on May 28, 2003.

At issue in this appeal is the Trademark Examining Attorney's final requirement that applicant disclaim SNAP ON 3000 as a unitary expression, rather than as separately disclaimed terms. That is, the Trademark Examining Attorney has required applicant to delete the word "and" from its disclaimer, and to submit a disclaimer in the following form: "No claim is made to the exclusive right to use SNAP ON 3000 apart from the mark as shown."[2] Having considered the arguments of counsel and the relevant authorities, we reverse the requirement for a disclaimer of SNAP ON 3000.

Trademark Act Section 6(a), 15 U.S.C. §1056(a), provides that the Office "may require the applicant to disclaim an unregistrable component of a mark otherwise registrable." Pursuant to Trademark Act Section 2(e)(1), merely descriptive matter in a mark is unregistrable; it

---

[2] We note that applicant has not contested the Trademark Examining Attorney's requirement that SNAP ON and 3000 both be disclaimed. In its brief, applicant has argued that the designation "3000," although a model number, is arbitrary as applied to applicant's goods. However, applicant has not argued that it should not be required to disclaim "3000," and we therefore do not address the issue of whether such a disclaimer is necessary or proper in this case. *Cf. Eastman Kodak Co. v. Bell & Howell Document Management Products Co.*, 994 F.2d 1569, 26 USPQ2d 1912 (Fed. Cir. 1993); *Saab-Scania Aktiebolag v. Sparkomatic Corp.*, 26 USPQ2d 1709 (TTAB 1993). The only issue before us is the proper format of applicant's disclaimer of the designations SNAP ON and 3000, i.e., whether the disclaimer must be of SNAP ON 3000 or whether applicant may disclaim SNAP ON and 3000 separately.

therefore is subject to disclaimer under Section 6(a). The Office may refuse registration of the entire mark if applicant fails to comply with a proper disclaimer requirement. *See In re Omaha National Corp.*, 819 F.2d 1117, 2 USPQ2d 1859 (Fed. Cir. 1987); *In re Richardson Ink Co.,* 511 F.2d 559, 185 USPQ 46 (C.C.P.A. 1975); *In re National Presto Industries, Inc.*, 197 USPQ 188 (TTAB 1977); *In re Pendleton Tool Industries, Inc.*, 157 USPQ 114 (TTAB 1968).

It has been held that "[d]isclaimers of individual components of complete descriptive phrases are improper," and that "[u]nitary expressions should be disclaimed as a composite." *In re Wanstrath*, 7 USPQ2d 1412, 1413 (Comm'r Pats. 1987)(GLASS TECHNOLOGY is a unitary descriptive phrase as applied to automobile windshield repair kits and must be disclaimed as a composite, not as separate words). *See also In re Medical Disposables Co.*, 25 USPQ2d 1801 (TTAB 1992)(MEDICAL DISPOSABLES is a unitary descriptive expression which must be disclaimed as a composite); *American Speech-Language-Hearing Association v. National Hearing Aid Society*, 224 USPQ 798, 804 n.3 (TTAB 1984)(CERTIFIED HEARING AID AUDIOLOGIST "clearly is a unitary expression that should be disclaimed in its entirety"); and *In re Surelock Mfg. Co., Inc.,* 125 USPQ 23

(TTAB 1960)(THE RED CUP for red-colored hydraulic wheel cylinder brake cups must be disclaimed as a composite). The Trademark Manual of Examining Procedure, citing three of the four cases cited above, states as follows:

> Unregistrable matter must be disclaimed in its entirety.  For example, when requiring a disclaimer of terms that form a grammatically or otherwise unitary expression (e.g. "SHOE FACTORY, INC."), the examining attorney must require that they be disclaimed in their entirety.  …  This standard should be construed strictly; therefore, disclaimer of individual words separately will usually be appropriate only when the words being disclaimed are separated by registrable wording.

TMEP §1213.08(b)(4th ed. 2005).

Thus, our determination in this case hinges on whether SNAP ON 3000, as it appears in applicant's mark SNAP ON 3000 AIRMATIC, forms "a grammatically or otherwise unitary expression." *Id*.  If so, the Trademark Examining Attorney's requirement for a disclaimer of SNAP ON 3000 (as opposed to "SNAP ON and 3000") is proper.

The Trademark Examining Attorney argues that SNAP ON is merely descriptive of a feature of applicant's goods, and that 3000 is merely descriptive because it is a model number.  "Clearly, the descriptive wording 'SNAP ON' and the model number 3000 is [sic] not separated by registrable matter.  Accordingly, the wording is a complete descriptive

6

phrase." (Trademark Examining Attorney's brief at unnumbered page 4.) He further argues:

> Clearly, the terminology SNAP ON 3000 is a descriptive phrase for a model 3000 with SNAP ON features. The designation of model number 3000 creates the commercial impression that the applicant has a line of other model numbers for the SNAP ON goods. Therefore, the model number does not create a commercial impression that is separate and apart from the descriptive wording 'SNAP ON.' To the contrary, the descriptive terms are a complete unitary phrase.

(Trademark Examining Attorney's brief at unnumbered page 4.)

Applicant, for its part, argues that SNAP ON and 3000 do not form a "grammatically or otherwise unitary expression" as contemplated by TMEP §1213.08(b). Applicant notes in this regard that the Trademark Examining Attorney asserts two different bases for requiring disclaimers of SNAP ON and 3000; that is, SNAP ON must be disclaimed because it is merely descriptive of a feature of the goods, while 3000 must be disclaimed because it is a model number. Unlike the unitary expressions involved in the GLASS TECHNOLOGY and THE RED CUP cases, applicant contends, there is no grammatical connection or other nexus between SNAP ON and 3000 except their contiguity in the mark. Applicant argues that it "could have chosen any number as a model

7

number. In that sense, the model number '3000' is arbitrary and therefore very different from the wording 'snap on,' which has a recognized meaning in the industry and in connection with the goods sold under the subject mark." (Applicant's brief at page 4.) Applicant further argues that its separate disclaimers of SNAP ON and 3000 will allow competitors to use each of those terms individually, but that competitors have no need to use the composite SNAP ON 3000, "a combination of words and numbers that was coined by Applicant." (Applicant's brief at page 4.)[3]

We find that SNAP ON 3000 is not a unitary expression which must be disclaimed in its entirety. Unlike the expressions at issue in the previously-cited cases, i.e., GLASS TECHNOLOGY, MEDICAL DISPOSABLES, CERTIFIED HEARING AID AUDIOLOGIST, and THE RED CUP, which are grammatically coherent and intact phrases, SNAP ON 3000 is composed of two separable elements, i.e., the descriptive wording SNAP

---

[3] Additionally, applicant points to the numerous third-party registrations it has made of record, in which the marks include a descriptive term next to an Arabic numeral and in which the registrant was allowed to disclaim the descriptive matter and the numeral separately. The Trademark Examining Attorney responds that the Board is not bound by the mistakes or decisions made by Trademark Examining Attorneys in other cases. We agree that these third-party registrations are of little probative value in this case. *See In re Medical Disposables Co., supra; see generally In re Nett Designs Inc.*, 236 F.3d 1339, 57 USPQ2d 1564 (Fed. Cir. 2001).

ON and the model number 3000. These two components are descriptive in different ways and for different reasons; they do not form a grammatically or otherwise unitary whole with a single descriptive significance. SNAP ON denotes a feature of the goods, and then, separately, 3000 denotes a model number for the goods. There is no grammatical or other inherent connection between the two terms.

As noted above, TMEP §1213.08(b) states that "…disclaimer of individual words separately will usually be appropriate only when the words being disclaimed are separated by registrable wording." We deem this "separated by registrable wording" standard to be a guideline that often will be helpful in determining whether the matter in question is unitary; it is not in itself a dispositive rule of law or the end of the inquiry. The issue is whether the components form a grammatically or otherwise unitary expression, not whether they are contiguous. In cases such as this, although the components in question are contiguous in the mark, they are not a unitary expression because each component retains its separate descriptive significance; the components do not merge to form a composite which has a single, unitary significance.

**Decision**: The requirement for a disclaimer of "SNAP ON 3000" is reversed. Applicant's current disclaimer of

9

"SNAP ON and 3000" is acceptable and shall remain of record.