THIS OPINION IS A
PRECEDENT OF THE TTAB

Mailed:
September 5, 2012

**UNITED STATES PATENT AND TRADEMARK OFFICE**
_____

**Trademark Trial and Appeal Board**
_____

In re Franklin County Historical Society
_____

Serial No. 77699113
_____

Richard S. Donnell of Vorys Sater and Pease LLP, for
Franklin County Historical Society.

Jason Paul Blair, Trademark Examining Attorney, Law Office
104 (Chris Doninger, Managing Attorney).
_____

Before Grendel, Ritchie, and Lykos, Administrative
Trademark Judges.

Opinion by Ritchie, Administrative Trademark Judge:

Franklin County Historical Society, applicant herein
("applicant"), seeks registration on the Principal Register
of the mark "CENTER OF SCIENCE AND INDUSTRY," in standard
character format, for "education and entertainment
services, namely, operating a museum and conducting
workshops, programs and demonstrations in the field of

science," in International Class 41.[1]  The trademark examining attorney refused registration of the mark on the Principal Register on the ground that applicant's mark is merely descriptive of the identified services under Trademark Act Section 2(e)(1), 15 U.S.C. § 1052(e)(1) and that it has not acquired distinctiveness pursuant to Section 2(f).  Applicant argued against the Section 2(e)(1) refusal, and sought registration with a claim of acquired distinctiveness under Section 2(f) in the alternative.

When the refusal to register was made final, applicant filed a timely appeal.  Both applicant and the examining attorney filed briefs and applicant filed a reply brief. After careful consideration of all of the arguments and evidence of record, we affirm the refusal to register.

### Mere Descriptiveness

> "A term is merely descriptive if it immediately
> conveys knowledge of a quality, feature,
> function, or characteristic of the goods or
> services with which it is used." *In re Bayer
> Aktiengesellschaft*, 488 F.3d 960, 963 [82 USPQ2d
> 1828] (Fed. Cir. 2007) (*citing In re Gyulay*, 820
> F.2d 1216, 1217 [3 USPQ2d 1009] (Fed. Cir.
> 1987)). Whether a mark is descriptive cannot be
> determined in the abstract. Id. at 963-64.
> Descriptiveness must be evaluated "in relation to
> the particular goods for which registration is
> sought, the context in which it is being used,
> and the possible significance that the term would

---

[1] Serial No. 77699113, filed on March 25, 2009, amended as filed under Trademark Act Section 1(a) of the Trademark Act, 15 U.S.C. § 1051(a), alleging dates of first use and first use in commerce on December 31, 1976.

have to the average purchaser of the goods because of the manner of its use or intended use." *Id.*

*In re Chamber of Commerce of the U.S.*, 675 F.3d 1297, 102 USPQ2d 1217, 1219 (Fed. Cir. 2012)

That a term may have other meanings in different contexts is not controlling. *In re Bright-Crest, Ltd.*, 204 USPQ 591, 593 (TTAB 1979). Moreover, it is settled that "[t]he question is not whether someone presented with only the mark could guess what the goods or services are. Rather, the question is whether someone who knows what the goods or services are will understand the mark to convey information about them." *DuoProSS Meditech Corp. v. Inviro Medical Devices, Ltd.*, ___ F.3d ___, 103 USPQ2d 1753, 1757 (Fed. Cir. 2012) (citation omitted); *In re Tower Tech Inc.*, 64 USPQ2d 1314, 1316-17 (TTAB 2002). If, on the other hand, a mark requires imagination, thought, and perception to arrive at the qualities or characteristics of the goods or services, then the mark is suggestive. *In re MBNA America Bank N.A.*, 340 F.3d 1328, 67 USPQ2d 1778, 1780 (Fed. Cir. 2003).

The examining attorney submitted dictionary definitions of the separate words "center," "science" and "industry," which we set forth in relevant part below:

> "**Center**": a store or establishment devoted to a particular subject or hobby, carrying supplies, materials, tools, and books as well as offering guidance and advice; *a gardening center. www.dictionary.com* (2009).

> "**Science**": the observation, identification, description, experimental investigation, and theoretical explanation of phenomena. *http://dictionary.reference.com* (2009).

> "**Industry**": trade or manufacture in general. *www.dictionary.com* (2009).

We consider these dictionary definitions to be probative of the relevant public's understanding of the term "CENTER OF SCIENCE AND INDUSTRY" as applied to applicant's recited services, "education and entertainment services, namely, operating a museum and conducting workshops, programs and demonstrations in the field of science." *See, e.g.*, *In re Bayer Aktiengesellschaft*, 488 F.3d 960, 82 USPQ2d 1828, 1831 (Fed. Cir. 2007) ("Evidence that a term is merely descriptive to the relevant purchasing public 'may be obtained from any competent source, such as dictionaries, newspapers, or surveys.'" (citation omitted)); *see also In re Digital Research Inc.*, 4 USPQ2d 1242, 1243 (TTAB 1987) (CONCURRENT PC-DOS and CONCURRENT DOS merely descriptive of "computer programs recorded on disk"). Applicant argues that although the words are individually defined, there is no dictionary definition for them as a phrase. However, it would not take any complicated reasoning or cogitation for

consumers considering the proposed mark in conjunction with the recital of services to conclude that the proposed mark conveys information about a center where one can learn about science and industry. Accordingly, "someone who knows what the goods or services are will understand the mark to convey information about them." *DuoProSS Meditech Corp.*, ___ F.3d ___, 103 USPQ2d at 1757; *see also In re Tower Tech Inc.*, 64 USPQ2d at 1316-17. Indeed, in this case, even in the abstract the mark would likely convey such information.

The examining attorney further submitted evidence of third parties that use variations on the term "CENTER OF SCIENCE AND INDUSTRY" for museum services.[2] Some of the references use the exact term itself, while others use various combinations of the terms "center," "science," and "industry." The examining attorney submitted, for example, a list of museums from around the country, the names of which include terms similar to or the same as those in applicant's proposed mark, as found on the website *www.tryscience.com*. These include, among others, Castle

---

[2] We find less probative the references to the term "CENTER OF SCIENCE AND INDUSTRY" for services other than applicant's services, since they do not show public perception of the term as used by applicant. Examples include references to Houston, Texas as "an important center of science and industry," *www.worlwidelearn.com,* and to the university Friedrich-Schiller-

5

Science and Technology Center, Atwater (California); Discovery Center Science Museum, Fort Collins; MOSI (Museum of Science & Industry), Tampa; SciTrek, The Science and Technology Museum of Georgia, Atlanta; SciTech Hands-On Museum Science and Technology Interactive Center, Aurora; Children's Science & Technology Museum of Terre Haute, Terre Haute; SEE Science Center, Manchester; Liberty Science Center, Jersey City; Milton J. Rubenstein Museum of Science & Technology (AKA: The Discovery Center), Syracuse; Roberson Museum and Science Center, Binghamton; Rochester Museum & Science Center, Rochester; COSI Columbus, Columbus; COSI Toledo, Toledo; The Works: Ohio Center for History, Art and Technology, Newark; Oregon Museum of Science and Industry, Portland; The Discovery Center of Science & Technology, Bethlehem; The Cook Arts, Science and Technology Center, Corsicana (Texas).

The examining attorney further submitted other uses of the terms "center," "science" and "industry" as used in connection with museum services:

> The Center of Science and Industry (COSI) in Toledo and Columbus, Ohio. *www.associatedcontent.com. Attached to June 24, 2009 Office Action, p20.*

---

Universitat as "a renowned center of science and industry." *www.chsbs.cmich.edu.*

Geography of Des Moines: The Des Moines Center of Science and Industry features a planetarium, a Foucault pendulum, and numerous permanent exhibits. *http://geography.howstuffworks.com. Attached to August 7, 2010 Office Action, p15.*

Oregon Museum of Science and Industry: Type of Organization: Science Center/Zoo: Founded in 1944 and one of the nation's top ten science museums, the Oregon Museum of Science and Industry is a world-class tourist attraction and educational resource that puts the "WOW! in science for the kid in each of us." *www.cilc.org. Attached to June 10, 2010 Office Action, p43.*

Museum of science and industry Chicago: Welcome to the Museum of Science and Industry: We invite you to visit our landmark building and interact with exhibits, tours and demos; Science Storms; Feel the physics and consider the chemistry of natural phenomena like tornados and avalanches. *www.msichicago.org. Attached to June 10, 2010 Office Action, p45.*

Youngstown Historical Center of Industry & Labor: The Youngstown Historical Center of Industry & Labor provides a dramatic overview of the impact of the iron and steel industry on Youngstown and other Mahoning Valley communities. The museum's permanent exhibit, *By the Sweat of Their Brow: Forging the Steel Valley,* explores labor, immigration and urban history, using videos, artifacts, photographs, and reconstructed scenes. *www.ohiohistory.org. Attached to June 10, 2010 Office Action, p35.*

Made in Muscatine: The Muscatine History and Industry Center examines products made locally from buttons to file cabinets and retread for tires to animal feed. The companies producing these goods have more in common than the location of Muscatine. *www.muscatinehistory.org. Attached to June 10, 2010 Office Action, p41.*

Applicant argues that few of these third parties use the exact term "center of science and industry." Applicant

further argues that among those that do, the Toledo CENTER OF SCIENCE AND INDUSTRY does so under license from applicant. (appl's brief at 10). However, applicant has provided no evidence, either by declaration or otherwise, to that effect. Applicant also argues that the referenced use by the Des Moines CENTER OF SCIENCE AND INDUSTRY reproduced below is outdated, and that the Des Moines facility has changed its name.

> Science Center of Iowa: The pioneering Des Moines Center of Science and Industry opened its doors in October 1970 in Greenwood-Ashworth Park. . . Over the years, the center gained prominence as its audience expanded and the name was changed to the Science Center of Iowa (SCI) in 1986 to better reflect its statewide reach. [URL unstated] *Attached to May 2, 2011 Response to Office Action, p38.*

We find, nevertheless, that the dictionary evidence shows applicant's proposed mark to be a descriptive one. The use by third parties on their websites further shows that there is a competitive need for the terms "center," "science," and "industry" in connection with applicant's applied-for services. The primary purposes for refusing registration of a merely descriptive mark are "(1) to prevent the owner of a mark from inhibiting competition in the sale of particular goods; and (2) to maintain freedom of the public to use the language involved, thus avoiding the possibility of harassing infringement suits by the

8

registrant against others who use the mark when advertising or describing their own products." *In re Abcor,* 588 F.2d 811, 200 USPQ at 217; *see also In re Stereotaxis Inc.* 429 F.3d 1039, 77 USPQ2d 1087, 1090 (Fed. Cir. 2005).

Although applicant's listed services are somewhat broader than museum services (and the related educational mission museums perform), it is clear that "a mark need not be merely descriptive of all recited goods or services in an application. A descriptiveness refusal is proper 'if the mark is descriptive of any of the [services] for which registration is sought.'" *In re Chamber of Commerce*, 102 USPQ2d at 1219 (citation omitted); *see also In re Amer. Soc'y of Clinical Pathologists, Inc.*, 442 F.2d 1404, 169 USPQ 800, 801 (CCPA 1971) (mark is descriptive if the listed services are supportive of, or ancillary or auxiliary to, the services described by the mark).

In sum, although any doubt on a Section 2(e)(1) refusal must be resolved in favor of the applicant, it is clear that a consumer would understand "CENTER OF SCIENCE AND INDUSTRY," used in connection with applicant's services, as conveying information about them, namely, a place where services that concern science and industry are provided. *See id.*; *In re Tower Tech Inc.*, 64 USPQ2d at

9

1316-17. Therefore we find that the mark is merely descriptive of the recited services.

Acquired Distinctiveness

It is applicant's burden to prove acquired distinctiveness of a descriptive mark. *Yamaha Int'l Corp. v. Hoshino Gakki Co. Ltd.,* 840 F.2d 1572, 6 USPQ2d 1001, 1006 (Fed. Cir. 1988) (applicant established acquired distinctiveness in design); *In re Hollywood Brands, Inc.,* 214 F.2d 139, 102 USPQ 294, 295 (CCPA 1954) ("[T]here is no doubt that Congress intended that the burden of proof [under Section 2(f)] should rest upon the applicant"). The higher the level of descriptiveness, the greater the proportionate showing of acquired distinctiveness need be. *E.g.,* *In re Steelbuilding.com*, 415 F.3d 1293, 75 USPQ2d 1420, 1424 (Fed. Cir. 2007).

It is the examining attorney's position that "CENTER OF SCIENCE AND INDUSTRY" is highly descriptive. For the reasons discussed in the prior section, we agree. The evidence indicates that a center of science and industry would be understood by the relevant public to convey information directly and easily about applicant's applied-for services.

Accordingly, we look to the record to see if there is sufficient evidence that "CENTER OF SCIENCE AND INDUSTRY"

has acquired distinctiveness so that consumers associate it not primarily with the services for which applicant seeks registration, but rather with a single source for those services. *E.g.*, *In re Steelbuilding*.com, 415 F.3d 1293, 75 USPQ2d at 1422. The evidence necessary to establish acquired distinctiveness depends on the facts of the case, but may include such factors as the length of use of the mark, advertising expenditures, sales, survey evidence, and affidavits asserting source-indicating recognition. *See, e.g.*, *id.* at 1424.

In support of its claim of Section 2(f) acquired distinctiveness, applicant submitted a declaration from its senior director of marketing and communications, dated May 2, 2011. The declaration contains no exhibits. It states solely as follows:

> The mark has become distinctive of the services
> through Applicant's substantially exclusive and
> continuous use in commerce for at least the 35 years
> immediately before the date of this statement.

In addition to the declaration, which was submitted with applicant's May 2, 2011 response to an office action, applicant attached what appear to be web pages although almost none contain URLs or dates showing when they were printed. One reprint of a web page, which appears to be applicant's web page, is shown below, as are reported

excerpts from other pages.  We understand from the wording of the response to the office action, and from applicant's brief, that the web page evidence also was submitted for the purpose of showing acquired distinctiveness, i.e., as evidence that applicant's proposed mark, "CENTER OF SCIENCE AND INDUSTRY," has become associated with applicant over the years and not merely with the services for which applicant seeks registration.



[URL unstated]  *Attached to May 2, 2011 Response to Office Action, p3.*

WOSU and COSI – Community Collaboration: WOSU, the public broadcasting station licensed to The Ohio State University, has formed a partnership with COSI Columbus (the CENTER OF SCIENCE AND INDUSTRY) to share space in their 320,000 square foot downtown facility. WOSU@COSI houses a new, state-of-the-art digital media center, and has been designed as community space. [URL unstated] *Attached to May 2, 2011 Response to Office Action, p4.*

COSI CENTER OF SCIENCE AND INDUSTRY: The World's Most Famous Ship to Re-Dock in Columbus: The most visited exhibition in COSI history sets sail again for a magnificent second voyage featuring almost 100 new artifacts, more than 20 making their world debut at COSI. [URL unstated] *Attached to May 2, 2011 Response to Office Action, p6.*

COSI CENTER OF SCIENCE AND INDUSTRY: 2010 Teacher's Choice Award: What are my options for Methods of Connecting to COSI? COSI can accept ISDN calls. What Videoconferencing Programs Does COSI Offer? [URL unstated] *Attached to May 2, 2011 Response to Office Action, p11.*

Parents: Past Picks: The 10 Best Children's Museum: COSI (Center of Science and Industry), Columbus, OH, www.cosi.org. Children can assemble pieces of a human heart and construct a circulation model. Tips are given along the way. [URL unstated] *Attached to May 2, 2011 Response to Office Action, p12.*

Organization Awards: 2008 Parents Magazine Ranks COSI the #1 Science Center in the Country; 2007 COSI received a Clean Air award from NAFA; 2006 COSI received the Clean Air award; 2006 COSI received the Army Community Award; 2006 COSI received the "Good Vision is Good Business" Award; 2005 COSI voted the #1 Daytrip destination; 2002 COSI ranked #1 Science Museum in the nation; 2000 COSI received the "THEA" award of Outstanding Achievement; 2010 COSI's

Electronic Education programs win a 2010 Teacher's Choice Award from the Berrien County (Michigan) Regional Education Service Agency; 2009 COSI's Electronic Education programs win a 2009 Teacher's Choice Award from the Berrien County (Michigan) Regional Education Service Agency; 2009 COSI's Electronic Education programs receives the United States Distance Learning Association Platinum Award for Excellence in Distance Learning; ...  [URL unstated]  *Attached to May 2, 2011 Response to Office Action, p13.*

CENTER OF SCIENCE AND INDUSTRY (COSI)
Owner description: Known as 'COSI,' this enormously popular attraction offers all sorts of hands-on exhibits, from conducting your own water experiments to creating a . . .
*tripadvisor.in.  Attached to May 2, 2011 Response to Office Action, p17.*

SKY DELTA: COSI: CENTER OF SCIENCE AND INDUSTRY: The Columbus Center of Science and Industry opened in the spring of 1964 and remains a favorite destination for travelers and residents alike.  [URL unstated]  *Attached to May 2, 2011 Response to Office Action, p19.*

associatedcontent from Yahoo – Things to Do This Spring in Columbus, Ohio: COSI- Center of Science and Industry: COSI is an exciting discovery place for children to interact and learn about our environment, heritage, people, animals, science, history, health and industry.  COSI provides informative exhibits, experiences and educational activities for all ages.  [URL unstated]
*Attached to May 2, 2011 Response to Office Action, p20.*

Special ExhiBITS: Just another wordpress.com weblog:  Titanic - Center of Science and Industry (COSI), Columbus, Ohio: posted by museumexhibitmgr:
Welcome to the first content blog for Special ExhiBITs [sic].  After having so many views of just the introduction since yesterday's launch, I am excited to get started on the first review of an exhibit. I celebrated my 28th birthday last

week and took a minor tour around the Midwest visiting 5 museums in 3 days (not including my home museum Cincinnati Museum Center at Union Terminal, or my home "emeritus" museum the Indiana State Museum of Science and Culture).  My first stop was the Center of Science and Industry, better known as COSI, in Columbus, Ohio.  It was my second trip to COSI, the first being a visit to Lost Egypt: Ancient Secrets, Modern Science (That will be a later blog).  I was fortunate enough to attend their Titanic Steerage Party and exhibit preview on Thursday, March 25.  [URL unstated]  *Attached to May 2, 2011 Response to Office Action, p.21.*

IgoUgo  Things to Do in Columbus: COSI  (Center of Science and Industry) Reviews:
COSI is the Center of Science and Industry in Columbus, and is a terrific place for kids.  [URL unstated]  *Attached to May 2, 2011 Response to Office Action, p22.*

C.O.S.I. Columbus:
The ultimate guide to the COSI science center. Explore science, discover fun!: The Bottom Line: COSI makes a great stop for anyone interested in science and interactive yet fun learning.  The kids will love it.  *epinions.com.*
*Attached to May 2, 2011 Response to Office Action, p23.*

Things to Do: COSI: Center of Science & Industry:
COSI provides an exciting and informative atmosphere for those of all ages to discover more about our environment, our accomplishments, our heritage, and ourselves.  *nbc4i.com.*
*Attached to May 2, 2011 Response to Office Action, p26.*

Chicago Parent: Kids won't want to leave the Center of Science and Industry: From the moment you walk through its doors, the Center of Science and Industry in Columbus, Ohio captures your kids' attention and doesn't let go. . . .

Through Sept. 7, COSI will feature its newest exhibit, "Lost Egypt: Ancient Science," where

kids can see real human and animal mummies and families can visit a re-created tomb. . .

COSI is not far from downtown, where you'll find plenty of great restaurants and nice hotels to make this a weekend trip your kids won't soon forget-especially if your rats win at basketball. COSI 333 Broad St., Columbus OH.
[URL unstated]
*Attached to May 2, 2011 Response to office Action, p27.*

Battelle The Business of Innovation: The Center for Science and Industry (COSI): At Battelle, we believe that informal science centers are valuable assets to our citizens and to the achievement of STEM literacy-and COSI is one of the best!  [URL unstated]
*Attached to May 2, 2011 Response to Office Action, p28.*

The White House Office of the Press Secretary: President Obama announced his intent to appoint the following individuals to administration posts: . . . Kathryn D. Sullivan, PhD, Nominee for Assistant Secretary of Commerce: Kathy Sullivan is the inaugural director of the Battelle Center for Mathematics and Science Education Policy in the John Glenn School of Public Affairs at Ohio State University.  Prior to joining Ohio State, Dr. Sullivan served a decade as President and CEO of the Center of Science and Industry (COSI) in Columbus, Ohio, one of the nation's leading science museums.  Dr. Sullivan joined COSI after three years' service as Chief Scientist at NOAA, where she oversaw research and technology programs agency-wide. *www.whitehouse.gov.  Attached to May 2, 2011 Response to Office Action, p29.*

Touring Ohio: Center of Science & Industry (COSI): COSI has been considered one of the most respected science centers in the nation – serving 18 million visitors a year 1964 [sic]. . . . COSI features more than 300 interactive exhibitions throughout. . . . COSI provides an exciting and informative atmosphere for all ages to discover

17

more . . . [URL unstated] *Attached to May 2, 2011 Response to Office Action, p30.*

In reliance on this evidence, applicant argues in its brief that in addition to over thirty-five years of "substantially exclusive" use, applicant's CENTER OF SCIENCE AND INDUSTRY has garnered attention by receiving, over the years, 20 million visitors from all 50 states; that it features regular and special exhibits with "rare artifacts," and that it has been awarded national awards and recognition, including the Parents Magazine award of "#1 Science Center" in the country. (appl's brief at 7-8).[3]

The examining attorney argues that the evidence submitted by applicant actually shows that applicant is not known by the proposed mark "CENTER OF SCIENCE AND INDUSTRY," but rather by the shortened acronym COSI, and that if any term has gained a degree of renown, it is the acronym. As the examining attorney points out, in none of the examples shown does the

---

[3] Apart from the declaration supporting the claim of use for 35 years, none of these assertions of fact were attributed by applicant to any particular source, although it appears that they are based on the Internet evidence that accompanied the declaration. The examining attorney did not object to the assertions and treated the referred to evidence as being properly of record. Accordingly, any objection is waived, and we treat the statements in the Internet evidence submitted by applicant, as did the examining attorney, as though they are true.

mark for which applicant seeks registration, "CENTER OF SCIENCE AND INDUSTRY," appear without the acronym COSI. Indeed, on applicant's own website, as shown on the web page image, *supra,* the full term "CENTER OF SCIENCE AND INDUSTRY" appears only once, in small print in the top left-hand corner, under the larger letters COSI. Other webpages submitted by applicant also show references to its museum services using only the term COSI. Third parties, as well, refer most commonly to applicant's museum services as COSI rather than by the full term "CENTER OF SCIENCE AND INDUSTRY," or at best they refer to both with one or the other in parentheses. One blog submitted by applicant specifically notes that applicant's museum services are "better known as COSI." *See* blog post [URL unstated] attached to May 2, 2011 Response to Office Action, p21. We therefore find that this evidence is insufficiently probative on whether "CENTER FOR SCIENCE AND INDUSTRY" has acquired distinctiveness in these circumstances. *See In re Mogen David Wine Corp.*, 372 F.2d 539, 152 USPQ 593, 595-96 (CCPA 1967) (where advertising depicting the bottle design sought to be registered always featured

19

the word mark MOGEN DAVID, such evidence failed to prove secondary meaning in the design itself).

Further, in these circumstances, there is no indication that any goodwill associated with COSI has somehow been transferred to, or is shared with "CENTER OF SCIENCE AND INDUSTRY." Generally, marks with different commercial impressions do not share goodwill. *See In re Parkway Machine Corp.*, 52 USPQ2d 1628 (TTAB 1999) ("The existence of applicant's other registrations covering different marks is largely irrelevant to the question of acquired distinctiveness of the instant mark."); *see also In re Dial-A-Mattress Operating Corp.*, 240 F.3d 1341, 57 USPQ2d 1807, 1812 (Fed. Cir. 2001) ("A mark is the legal equivalent of another if it creates the same, continuing commercial impression such that the consumer would consider them both the same mark.").[4] As such, any renown garnered by the term COSI for applicant's museum services is inapposite to this decision.

We also find it telling that in applicant's own submission in support of its claim of acquired

---

[4] As an acronym, we find COSI too different in commercial impression to be useful to applicant in establishing acquired distinctiveness of "CENTER OF SCIENCE AND INDUSTRY."

distinctiveness there are several misstated references to its full mark (alongside COSI), referring not to "CENTER OF SCIENCE AND INDUSTRY," but rather to "Center of Science & Industry" (*See nbc4i.com*, May 2, 2011 Response to Office Action, p26; and [URL unstated] May 2, 2011 Response to Office Action, p30) or "The Center for Science and Industry" ([URL unstated] May 2, 2011 Response to Office Action, p28).

Rather, it is apparent to us that although applicant's museum services may attract many visitors and indeed it may have national recognition with multiple awards, it has not established acquired distinctiveness specific to the term "CENTER OF SCIENCE AND INDUSTRY." In making this finding, we keep in mind that as discussed in the prior section, the term is highly descriptive for the services for which applicant seeks registration and that the record shows that applicant's use has not been substantially exclusive. *Nextel Communications Inc. v. Motorola Inc.,* 91 USPQ2d 1393, 1408 (TTAB 2009); *Quaker State Oil Refining Corp. v. Quaker Oil Corp.,* 453 F.2d 1296, 172 USPQ 361, 363 (CCPA 1972).

**Decision:** The refusal to register the mark based on Trademark Act Section 2(e)(1), because the mark is

descriptive and without acquired distinctiveness under

Section 2(f), is affirmed.