**In re NETT DESIGNS, INC.**

Nos. 74,677,635, 00–1075.

United States Court of Appeals,
Federal Circuit.

Jan. 9, 2001.

**1340**

Before MAYER, Chief Judge, RADER, and BRYSON, Circuit Judges.

RADER, Circuit Judge.

The Trademark Trial and Appeals Board sustained an examiner's disclaimer requirement in Nett Designs, Inc.'s application for the mark LOAD LLAMA THE ULTIMATE BIKE RACK and design. *In re Nett Designs, Inc.*, Ser. No. 74/677,-635, slip op. (TTAB June 3, 1999), *recons. denied* Ser. No. 74/677,635 (TTAB Aug. 6, 1999). Because substantial evidence supports the Board's determination that the phrase THE ULTIMATE BIKE RACK is descriptive, this court affirms.

Paul M. Craig, Jr., of Silver Spring, MD, argued for appellant.

Mark Nagumo, Associate Solicitor, Office of the Solicitor, of Arlington, VA, argued for appellee. With him on the brief were Albin F. Drost, Acting Solicitor; Nancy C. Slutter, Acting Deputy Solicitor; and Eric Grimes, Associate Solicitor. Of counsel was Henry G. Sawtelle, Attorney.

I.

Nett Designs applied to register LOAD LLAMA THE ULTIMATE BIKE RACK and design (shown below) for "carrying racks for mounting on bicycles, accessories for bicycle racks, namely attachments for expanding the carrying capacity of a carrying rack for mounting on bicycles, and bungee cords sold together as a unit with such carrying racks."

An examiner required Nett Designs to disclaim the phrase THE ULTIMATE BIKE RACK as descriptive of Nett Designs' goods. During prosecution, Nett Designs submitted a number of third-party registrations that included the term ULTIMATE, arguing that those registrations were evidence that the term ULTIMATE was not descriptive. The examiner maintained that the phrase was descriptive and rejected the application when Nett Designs refused to disclaim the phrase.

Nett Designs appealed to the Board. The Board considered several dictionary definitions of the term ULTIMATE, and the applicant's use of the mark in its submitted specimen. *In re Nett Designs, Inc.*, Ser. No. 74/677,635, slip op. at 2–4, 7–8 (TTAB June 3, 1999). The Board considered the prior third-party registrations

submitted by Nett Designs to the examiner, but decided that those registrations were not persuasive. *Id.* at 8–9. The Board concluded that the phrase THE ULTIMATE BIKE RACK described Nett Designs' goods in a laudatory manner. *Id.* In requesting reconsideration, Nett Designs attempted to enter into evidence a list of 158 registered marks that included the term ULTIMATE, but the Board refused to consider the list and denied Nett Designs' request for reconsideration. *In re Nett Designs, Inc.,* Ser. No. 74/677,635, slip op. at 3 (TTAB Aug. 6, 1999).

## II.

■ This court upholds the Board's factual findings if supported by substantial evidence. *On Line Careline, Inc. v. America Online, Inc.,* 229 F.3d 1080, 1085, 56 USPQ2d 1471 (Fed.Cir.2000). This court exercises plenary review of the Board's legal conclusions. *Giant Food, Inc. v. Nation's Foodservice, Inc.,* 710 F.2d 1565, 1569, 218 USPQ 390, 394 (Fed.Cir.1983). Placement of a term on the fanciful-suggestive-descriptive-generic continuum is a question of fact. *In re Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 828 F.2d 1567, 1570, 4 USPQ2d 1141, 1143 (Fed.Cir. 1987). Accordingly, this court must affirm the Board's finding that the phrase THE ULTIMATE BIKE RACK is descriptive if substantial evidence supports that finding.

■ A merely descriptive mark qualifies for registration only if the applicant shows that it has acquired secondary meaning. *Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 769, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992). During examination, the United States Patent and Trademark Office (PTO) "may require the applicant to disclaim an unregisterable component of a mark otherwise registrable." 15 U.S.C. § 1056(a) (1994). Thus, the examiner's disclaimer requirement is proper if the phrase THE ULTIMATE BIKE RACK is merely descriptive and thus not registerable.

■ A mark is merely descriptive if it immediately conveys qualities or char-acteristics of the goods. *In re Gyulay,* 820 F.2d 1216, 1217, 3 USPQ2d 1009, 1009 (Fed.Cir.1987). However, if a mark requires imagination, thought, and perception to arrive at the qualities or characteristics of the goods, then the mark is suggestive. *Id.* A suggestive mark qualifies for registration without secondary meaning. *Id.* The perception of the relevant purchasing public sets the standard for determining descriptiveness. *In re Bed & Breakfast Registry,* 791 F.2d 157, 160, 229 USPQ 818, 819 (Fed.Cir.1986). Any competent source suffices to show the relevant purchasing public's understanding of a contested term or phrase. *Id.* Laudatory marks that describe the alleged merit of the goods are descriptive because they simply describe the characteristics or quality of the goods in a condensed form. *In re The Boston Beer Co.,* 198 F.3d 1370, 1373, 53 USPQ2d 1056, 1058 (Fed.Cir.1999).

■ In the complex world of etymology, connotation, syntax, and meaning, a term may possess elements of suggestiveness and descriptiveness at the same time. No clean boundaries separate these legal categories. Rather, a term may slide along the continuum between suggestiveness and descriptiveness depending on usage, context, and other factors that affect the relevant public's perception of the term. *See Zatarains, Inc. v. Oak Grove Smokehouse, Inc.,* 698 F.2d 786 (5th Cir.1983) ("These categories, like the tones in a spectrum, tend to blur at the edges and merge together. The labels are more advisory than definitional, more like guidelines than pigeonholes."). The term ULTIMATE has some elements of suggestiveness because it does not define any particular characteristic and requires the exercise of some imagination in order to reach a conclusion about the nature of the recited goods. On the other hand, ULTIMATE also has some elements of descriptiveness because it has a laudatory or puffing connotation. The Board, however, has the duty to place this term in its

proper context within the mark and to determine the public's perception.

The Board noted that dictionary definitions of ULTIMATE include "[r]epresenting or exhibiting the greatest possible development or sophistication: the ultimate bicycle," *In re Nett Designs, Inc.*, Ser. No. 74/677,635, slip op. at 7–8 (TTAB June 3, 1999) (quoting *The American Heritage Dictionary of the English Language* (3d ed.1992)), and "greatest or highest possible," *id.* at 8 (quoting *Webster's New World College Dictionary* (3d ed.1997)). The advertising brochure, which Nett Designs submitted as a specimen of use for its application, advances such meanings by stating, "The 'Load Llama The Ultimate Bike Rack' allows users of bicycles to enjoy the ride without constant apprehension that carried-along objects may fall off the carrier," and "this is the rack, a basket without the bulk." Such statements advance the consumer perception that Nett Designs' bike racks represent or exhibit the greatest possible development or sophistication. Accordingly, substantial evidence supports the Board's finding that consumers will immediately regard THE ULTIMATE BIKE RACK as a laudatory descriptive phrase that touts the superiority of Nett Designs' bike racks.

The record in this case contains many prior registrations of marks including the term ULTIMATE. These prior registrations do not conclusively rebut the Board's finding that ULTIMATE is descriptive in the context of this mark. As discussed above, the term ULTIMATE may tilt toward suggestiveness or descriptiveness depending on context and any other factor affecting public perception. The Board must decide each case on its own merits. *In re Owens–Corning Fiberglas Corp.*, 774 F.2d 1116, 1127, 227 USPQ 417, 424 (Fed.Cir.1985). Even if some prior registrations had some characteristics similar to Nett Designs' application, the PTO's allowance of such prior registrations does not bind the Board or this court.

Needless to say, this court encourages the PTO to achieve a uniform standard for assessing registrability of marks. Nonetheless, the Board (and this court in its limited review) must assess each mark on the record of public perception submitted with the application. Accordingly, this court finds little persuasive value in the registrations that Nett Designs submitted to the examiner or in the list of registered marks Nett Designs attempted to submit to the Board. This court thus does not reach Nett Designs' assertion that the Board erred by refusing to consider the list of registered marks submitted to the Board with Nett Designs' request for reconsideration.

Because substantial evidence supports the Board's finding that the phrase THE ULTIMATE BIKE RACK is descriptive of Nett Designs' goods in a laudatory manner, this court affirms.

### COSTS

Each party shall bear its own costs.

AFFIRMED.