**In re Bruce D. WATTS.**

No. 01–1130.

United States Court of Appeals, Federal Circuit.

May 16, 2001.

Rehearing Denied June 15, 2001.

Before MICHEL and SCHALL, Circuit Judges, ARCHER, Senior Circuit Judge.

MICHEL, Circuit Judge.

█ This is a trademark registration case. Bruce Watts appeals the August 7, 2000 decision of the Trademark Trial and Appeal Board ("Board") affirming the examiner's refusal to register the term "BIRTHDAY BALLOONS" for mail order gift balloon services. After unsuccessfully petitioning the Board for reconsideration, Watts filed a timely notice of appeal to this court on November 8, 2000. We have jurisdiction pursuant to 15 U.S.C. § 1071(a) and 28 U.S.C. § 1295(a)(4)(B). Because substantial evidence supports the examiner's conclusion that the term "BIRTHDAY BALLOONS" is generic and thus ineligible for registration, we *affirm.*

█ Generic terms do not qualify for trademark status. *In re Merrill Lynch,* 828 F.2d 1567, 1569, 4 USPQ2d 1141, 1142 (Fed.Cir.1987). Whether a term is generic is a question of fact. *In re Nett Designs Inc.,* 236 F.3d 1339, 1341, 57 USPQ2d 1564, 1565 (Fed.Cir.2001). We review factual findings of the Board for substantial

evidence. *On–Line Careline v. America Online,* 229 F.3d 1080, 1085, 56 USPQ2d 1471, 1475 (Fed.Cir.2000). Evidence is substantial if "a reasonable person might find that the evidentiary record supports the agency's conclusion." *Id.*

The examiner conducted a search of the NEXIS database and found 664 stories referring to the term "birthday balloons." The examiner summarized several stories from recent months. Based on this evidence, the examiner concluded that the relevant public would understand the term "birthday balloons" to refer to balloons given as gifts on birthdays, and thus that the term is generic. The examiner also submitted evidence consisting of third-party registrations that identified goods as "birthday balloons" or "birthday party balloons." These uses are further evidence showing that consumers would understand the phrase "BIRTHDAY BALLOONS" to refer to Watts' services.

Watts argues that, when purchasing such balloons, one would ask for "balloons for a birthday," rather than for "birthday balloons ." Watts also maintains that the asserted mark is "unique, creative, descriptive, [and] distinctive." Watts also states in his informal brief that "[t]he lady Judge at the TTAB laughed when I said that Lexis–Nexis gave me a report which shows that our mark was used only 5 times in the entire year of 1999 in major United States newspapers, and she asked the defendant's attorney if he agreed, and he said yes, that he agreed that 5 or 6 times was it."

We conclude that, even if the phrase "birthday balloons" appeared only five or six times in major newspapers during 1999, such evidence is sufficient to uphold the Board's decision that the term "BIRTHDAY BALLOONS" is generic. Moreover, ·the examiner identified hun-

dreds of stories discussing "birthday balloons" in previous years. Accordingly, the Board's decision is affirmed.