**In re ANYLENS ACQUISITION, LLC (formerly in re Sterling Vision).**

**Nos. 02–1493, 02–1494.**

United States Court of Appeals, Federal Circuit.

March 10, 2003.

Before CLEVENGER, BRYSON, and PROST, Circuit Judges.

CLEVENGER, Circuit Judge.

Anylens Acquisition, LLC ("Anylens") appeals the decision of the Trademark Trial and Appeal Board of the Patent and Trademark Office ("Board"), denying registration to the marks NATIONAL CONTACTS.COM and NATIONAL CONTACT LENSES.COM (Applications No. 75/702,714 and No. 75/702,715) as merely descriptive under 15 U.S.C. § 1052(e)(1). *In re Sterling Vision, Inc.,* (Trademark Trial & Appeal Bd. Feb. 14, 2002), *request for reconsideration denied* (Apr. 3, 2002). We *affirm* the decision of the Board.

I

Anylens filed intent-to-use applications for the service marks NATIONAL CONTACTS.COM and NATIONAL CONTACT LENSES.COM. As amended, the applications identify the services for both marks as "on-line retail store services, mail order services, and retail stores featuring contact lenses, eyeglasses and accessories." The Examining Attorney rejected both applications on the ground that the marks were merely descriptive, and thus unregisterable under 15 U.S.C. § 1052(e)(1).

Anylens appealed the Examining Attorney's rejections to the Board. The Board concluded that Anylens's marks "immediately and directly convey[ ] information about significant features" of the services identified in the applications. The Board based this conclusion on the following three determinations: (1) that "contacts" and "contact lenses" described at least a portion of the proposed services, namely sale of contact lenses and accessories; (2) that "national" did no more than describe the geographic extent of the offering of such services; and (3) that ".com" lacked any trademark significance at all, being nothing more than a reference to a top level domain designation that added nothing to the distinctiveness of the mark. Accordingly, the Board sustained the Examining Attorney's rejections, and later denied Anylens's request for reconsideration. Anylens chose to appeal the Board's decision to this court pursuant to 15 U.S.C. § 1071(a). We exercise jurisdiction over Anylens's appeal under 28 U.S.C. § 1295(a)(4)(B).

II

A mark lacking secondary meaning may be refused registration on the Principal Register if it is merely descriptive of the applicant's goods or services. 15 U.S.C. § 1052(e)(1) (2000). The basic test for a descriptive mark is whether it conveys information about qualities, characteristics, or properties of the applicant's goods or services. *In re Abcor Dev. Corp.,* 588 F.2d 811, 813, 200 USPQ 215, 217–18 (CCPA 1978). However, a mark may transcend descriptiveness if it "requires imagination, thought, and perception to arrive at the qualities or characteristics" of the goods or services. *In re Nett Designs, Inc.,* 236 F.3d 1339, 1341, 57 USPQ2d 1564, 1566 (Fed.Cir.2001). The placement of a mark on the fanciful-suggestive-descriptive-generic continuum is a factual determination. *Id.,* 236 F.3d 1339, 57 USPQ2d at 1565. Accordingly, we review for substantial evidence the Board's conclusion that NATIONAL CONTACTS.COM and NATIONAL CONTACT LENSES.COM are descriptive of Anylens's services. *See id.*

III

Anylens first suggests that the Board erred analytically by "dissecting" the marks into their component words, rather than treating the marks as a whole. We

do not take Anylens to suggest that the Board is forbidden from ascertaining the meaning of each of the words comprising the marks. A mark must be considered as a whole, but whether a mark is descriptive can scarcely be determined without considering what the individual words of the mark mean. Although a descriptive or generic term may form part of a valid mark, *Sweats Fashions, Inc. v. Pannill Knitting Co., Inc.,* 833 F.2d 1560, 1564, 4 USPQ2d 1793, 1797 (Fed.Cir.1987), Anylens has not shown how the words "national," "contacts," and ".com" cease to describe aspects of Anylens's services when coupled with each other, aside from the argument (considered by the Board) that "national" and ".com" are incongruous with each other. We see no error in the Board's mode of analysis.

## IV

Anylens's substantive challenge proceeds along two axes. Anylens first challenges the Board's conclusion that "national" describes the geographic extent of Anylens's services. According to Anylens, the definition of "national" is "of or belonging to a country," as in *national anthem. American Heritage Dictionary of the English Language* (3d ed.1996). Under this definition, Anylens asserts that "national" is not a word that can describe the geographic extent of services.

■ The Director, however, points to another definition of "national": "of, affecting or involving a nation as a whole esp. as distinguished from subordinate areas," as in *national newspapers* or *national advertising. Webster's Third New International Dictionary* 1505 (1993). This definition is perfectly consistent with the Board's view that "national" can be an adjective connoting geographic extent, and

therefore descriptive of services that are offered nationwide.

The cases cited by Anylens, such as *World Carpets, Inc. v. Dick Littrell's New World Carpets,* 438 F.2d 482, 168 USPQ 609 (5th Cir.1971), and *National Steel Construction Co. v. Matsushita Electric Industrial Co.,* 158 USPQ 464 (TTAB 1968), are not to the contrary. Prior cases have relatively little bearing on the factual question of whether a particular mark is descriptive or not. *See Abcor,* 588 F.2d at 815, 200 USPQ at 219 (Rich, J., concurring). Regardless, as the Director points out, in these cases the question was whether terms like "national" were primarily geographically descriptive, or primarily geographically deceptively misdescriptive. In other words, *World Carpets* and *National Steel* stand for the proposition that words like "national" may not describe the source of goods. Here, "national" concededly does not describe where Anylens's contact lenses originate, but it may describe the availability of Anylens's contact lens services. Accordingly, "national" may describe a feature of the services for which Anylens is seeking registration of the marks.

Anylens also questions the Board's conclusion that Anylens's services will be offered on a nationwide basis, pointing to the Board's concession that "[t]here is no evidence of record whether applicant will sell and/or ship products nationally...." Nonetheless, Anylens does not actually dispute the Board's finding that its services "will be at least nationwide in scope." Further, registration under the Lanham Act is aimed at establishing exclusive rights to use the mark "in commerce"– which 15 U.S.C. § 1127 defines as "all commerce which may lawfully be regulated by Congress." Registration thus provides nationwide exclusivity for use of the mark in connection with the proposed goods or

services.[1] We therefore think it correct for the Board to presume that services described without limitation in the application are nationwide in scope.

Lastly, Anylens sets forth several third-party registrations that include the word "national." We are uncertain what conclusion Anylens would have us draw from these registrations. Anylens has not argued that the Director acted arbitrarily or capriciously in denying registration to Anylens's marks while granting it to these others. In any event, even if we excuse Anylens's failure to submit these registrations to the Examining Attorney, or to the Board in its initial appeal, third-party registrations that include one or more terms found in the applicant's marks have little persuasive value. The Board is charged with evaluating each application on its own merits. *Nett Designs*, 236 F.3d at 1342, 57 USPQ2d at 1566. Furthermore, as the Director points out, all but two of the third-party registrations are for goods, and "national" is unlikely to describe features or attributes of goods. Of the two service marks, the first–NATIONALCARDRE-GISTRY.COM–is listed only on the Supplemental Register, while the second–NATIONAL LIGHTNING DETECTION NETWORK–leaves considerable room for imagination about the services provided. We conclude that substantial evidence supports the Board's determination that "national" describes an attribute of Anylens's services.

## V

Anylens's second axis of attack is on the Board's treatment of the ".com" portion of the marks. The Board found this designation to be lacking in trademark significance altogether. However, Anylens argues that if "national" be descriptive of the geographic scope of its services, then ".com"–which could connote worldwide scope–creates an incongruity that would give a consumer pause upon encountering the marks NATIONAL CONTACTS.COM and NATIONAL CONTACT LENS-ES.COM.

■ We are not persuaded. We agree with the Board that ".com" is merely a reference to a top level domain indicator. As such, it connotes nothing more than a commercial organization or enterprise.[2] While a ".com" designation may distinguish a commercial organization from an educational (.edu) or governmental (.gov) organization, the suffix ".com" itself connotes no geographical indication whatsoever. Put another way, "national" and ".com" are simply incommensurable, since one connotes geographic scope and the other connotes purpose. They are not opposites, and each relates to a different aspect of the services in question. Because there is no conflict or incongruity between nationwide scope and commercial purpose, the juxtaposition of "national" and ".com" does not require the consumer to exercise imagination, thought, or perception to arrive at the characteristics of

---

1. The ultimate protection accorded to a mark may be less than nationwide in scope if the registrant's operations remain geographically limited. *See Dawn Donut Co. v. Hart's Food Stores, Inc.*, 267 F.2d 358, 364–65, 121 USPQ 430, 435 (2d Cir.1959).

2. Anylens attacks the Director's proposition that ".com" refers to a commercial organization as a "new argument" lacking any evidentiary support. However, the Board's opinion cites to a section of a treatise arguing that ".com" should be treated no differently than designations like "Inc." and "Co." *See* 1 *McCarthy on Trademarks & Unfair Competition* § 7:17.1 (4th ed.2000). To the extent that the Board's citation still fails to anchor this conclusion in the record, we take judicial notice of the universal use of ".com" to indicate a commercial organization.

Anylens's services. Accordingly, the marks remain descriptive.

## CONCLUSION

In sum, we find supported by substantial evidence the Board's finding that "national" can describe the geographic extent of services, and that Anylens's services may be presumed to be at least nationwide in scope. With these two premises in place, the Board's determination that NATIONAL CONTACTS.COM and NATIONAL CONTACT LENSES.COM describe features or characteristics of Anylens's services is also supported by substantial evidence. While even a finding of incongruity between "national" and ".com" might not negate the Board's conclusion, we agree with the Board that no such incongruity exists. The Board's decision to sustain denial of registration under 15 U.S.C. § 1052(e)(i) is affirmed.

**AFFIRMED**