THIS OPINION IS A
PRECEDENT OF THE TTAB

Mailed:
14 May 2008

**UNITED STATES PATENT AND TRADEMARK OFFICE**
_____

**Trademark Trial and Appeal Board**
_____

In re Tokutake Industry Co., Ltd.
_____

Serial No. 79018656
_____

Diane Michelle Sobo of Westerman, Hattori, Daniels & Adrian LLP for Tokutake Industry Co., Ltd.

Laura Gorman Kovalsky, Trademark Examining Attorney, Law Office 110 (Chris A.F. Pedersen, Managing Attorney).
_____

Before Walters, Bucher, and Drost, Administrative Trademark Judges.

Opinion by Drost, Administrative Trademark Judge:

On October 6, 2005, applicant's (Tokutake Industry Co., Ltd.) request for extension of protection (application) under the provision of Section 66(a) of the Trademark Act (15 U.S.C. § 1144f(a)) was received by the U.S. Patent and Trademark Office to register the mark shown below for goods ultimately amended to read "footwear" in Class 25.  Serial No. 79018656.

あゆみ
A Y U M I

The application supplies a translation of the mark as "Walking, a step."  Applicant's priority date is September 2, 2005.

The examining attorney refused registration under Section 2(e)(1) on the ground that applicant's mark あゆみ AYUMI is merely descriptive of footwear.  15 U.S.C. § 1052(e)(1). When the examining attorney made the refusal to register final, applicant filed a notice of appeal.

The examining attorney argues that the "proposed mark is descriptive of the goods because consumers of footwear bearing the word AYUMI and Japanese-character equivalent will be told – on the actual goods or packaging therefor – that the footwear is meant for walking because AYUMI translates into English as 'walking.'"  Brief at 3. "However, in providing its own translation – apparently attempting to contradict the translation already provided in its International Registration – applicant cited to the *New College Japanese to English Dictionary,* 'a popular dictionary in Japan' which also identifies 'walking' as the first entry."  Brief at 5.

In response, applicant argues that:

> [T]he term "ayumi" has multiple meanings in the
> Japanese language, and that the one meaning found and
> relied on by the Examining Attorney was taken out of
> context, and misapplied to the analysis in this case.

2

> Applicant further submits that these US consumers
> familiar with the Japanese language would not interpret
> "ayumi" to mean "walking" as in "walking shoes," nor
> would [they] translate the English word "walking" to
> "ayumi" in the Japanese language. In fact, in the
> Japanese language it is not correct to use "ayumi" to
> refer to walking shoes. The term "ayumi" has multiple
> meanings and where a mark has a variety of meanings,
> the mark can be suggestive rather than descriptive.

Brief at 4-5.

> A mark is merely descriptive if it immediately conveys
> information concerning a quality or characteristic of
> the product or service. The perception of the relevant
> purchasing public sets the standard for determining
> descriptiveness. Thus, a mark is merely descriptive if
> the ultimate consumers immediately associate it with a
> quality or characteristic of the product or service.
> On the other hand, if a mark requires imagination,
> thought, and perception to arrive at the qualities or
> characteristics of the goods or services, then the mark
> is suggestive.

*In re MBNA America Bank N.A.*, 340 F.3d 1328, 67 USPQ2d

1778, 1780 (Fed. Cir. 2003) (citations and internal

quotation marks omitted). *See also In re Abcor Development

Corp.*, 588 F.2d 811, 200 USPQ 215, 217 (CCPA 1978) and *In

re Nett Designs*, 236 F.3d 1339, 57 USPQ2d 1564, 1566 (Fed.

Cir. 2001). It is clear that when we are analyzing a mark

to determine if it is merely descriptive, we must consider

the mark in the context of the identified goods or services

and not in the abstract. *Abcor*, 200 USPQ at 218

("Appellant's abstract test is deficient – not only in

denying consideration of evidence of the advertising

materials directed to its goods, but in failing to require

consideration of its mark 'when applied to the goods' as required by statute").

We begin by looking at applicant's goods because, as we indicated above, we do not look at the mark in the abstract. Here, applicant's goods are defined simply as footwear. Footwear obviously includes shoes, and the examining attorney has submitted several printouts from the internet (emphasis added) that show that the term "walking" is frequently used to refer to a type of shoe.

> The Best Shoes for Walking
> **Walking shoes** are your most important item of gear. Our walking shoe gear guide will help you decide which to buy, where to buy, and reader reviews of shoes.
> http://walking.about.com
>
> Selecting **Walking Shoes**
> … But there are a few basics for selecting **walking shoes**
> www.thewalkingsite.com
>
> **Walking shoes**: Features and fit can keep you on the move.
> **Walking shoes** have a few features other shoes don't. Find out what to look for and how to get the best fit.
> www.mayoclinic.com
>
> **Walking shoes** may sound like a marketing conspiracy hatched by shoe-industry executives. After all, it's only *walking* – won't any pair of sneakers suffice? Actually, the concept of a **walking shoe** is valid.
> http://dietvillage.com
>
> American Academy of Podiatric Sports Medicine
> **Walking Shoes**
> Selected by the AAPSM Shoe Committee
> www.aapsm.org

We offer boat shoes, boots, loafers/slip-ons, oxfords and **walking shoes** for both men and women.
http://walking-shoes.com

Shira Women's Classic Leather Walker **Walking Shoes**
Price $129.95
SoftSpots Women's Marathon II **Walking Shoes**
Price $94.95
www.footsmart.com

Thus, the term "walking" is at least merely descriptive of shoes that are specifically designed for walking as opposed to other activities. Inasmuch as applicant's goods are identified simply as "footwear," its goods would include all types of footwear, including shoes designed for walking.

Next, we look at applicant's mark あゆみ AYUMI. Applicant has acknowledged that the "design element of the subject mark is comprised of foreign lettering, which is pronounced 'ayumi' … The portion ' あゆみ ' is a Japanese noun expressed in 'hiragana' (the Japanese cursive syllabary), and the word portion 'AYUMI' expresses the pronunciation of the former by using the Latin character alphabet." Response dated October 10, 2006 at 1. Therefore, both the Western and Japanese characters in the mark represent the same term. Applicant's request for extension of protection provides the following translation of its mark: "Walking, a step."

5

Inasmuch as the term "Walking" is at least a merely descriptive term for the goods in English, the next question is whether the doctrine of foreign equivalents applies in this case. The Federal Circuit has discussed the applicability of the doctrine of foreign equivalents in trademark cases.

> Under the doctrine of foreign equivalents, foreign words from common languages are translated into English to determine genericness, descriptiveness, as well as similarity of connotation in order to ascertain confusing similarity with English word marks…
>
> Although words from modern languages are generally translated into English, the doctrine of foreign equivalents is not an absolute rule and should be viewed merely as a guideline…
>
> The doctrine should be applied only when it is likely that the ordinary American purchaser would "stop and translate [the word] into its English equivalent." *In re Pan Tex Hotel Corp.*, 190 USPQ 109, 110 (TTAB 1976).

*Palm Bay Imports Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F.3d 1369, 73 USPQ2d 1689, 1696 (Fed. Cir. 2005).

In the *Pan Tex Hotel* case referred to by the Federal Circuit, the board held that "there can be no doubt that the notation 'LA POSADA' and its English equivalent 'the inn' create different commercial impressions. That is because of the setting in which applicant uses 'LA POSADA,' it is not likely that purchasers would stop and translate

said notation into its English equivalent." 190 USPQ at 110. The board pointed out that the term had an "added implication of a home or dwelling, and thus has a connotative flavor which is slightly different from that of the words, 'the inn.'" *Id.* The doctrine of foreign equivalents has been applied to marks with Asian characters. *In re Oriental Daily News, Inc.*, 230 USPQ 637, 638 (TTAB 1986) ("[W]e see no reason why descriptive words represented by Chinese characters should be treated any differently from descriptive words in other contemporary languages").

"The Board has determined that the 'ordinary American purchaser' in a case involving a foreign language mark refers to the ordinary American purchaser who is knowledgeable in English as well as the pertinent foreign language." *In re Peregrina Limited*, ___ USPQ2d ___, Serial No. 78676199, slip op. at 3 (TTAB March 14, 2008). *See also In re Thomas*, 79 USPQ2d 1021, 1025 (TTAB 2006). In this case, the foreign language is Japanese, which the evidence shows is a modern language spoken by more than 100 million people worldwide and by hundreds of thousands of people in the United States. *See* Final Office Action,

attachment and Examining Attorney's Brief, Attachment.[1]  For footwear, the "'ordinary American purchaser' is the 'relevant public.'"  *In re Spirits International N.V.*, 86 USPQ2d 1078, 1081 n.4 (TTAB 2008).  We add that there is no evidence that the relevant American purchaser who speaks Japanese would not stop and translate the mark あゆみ AYUMI.

The examining attorney has attempted to meet her burden of proof by submitting an entry from www.freedict.com that translated the Japanese term "ayumi" into English as "walking."  See First Office Action, attachment.  Applicant argues that "freedict.com is imprecise."  Request for reconsideration at 2.  Applicant also argues that "it is common understanding among the Japanese that the Japanese translation of 'walking' is not 'ayumi.'"  Brief at 3.  Furthermore, applicant submits that "the term 'ayumi' has multiple meanings in the Japanese language, and that the one meaning found and relied on by the Examining Attorney was taken out of context, and misapplied to the analysis in this case."  Brief at 4.

We start by pointing out that "[a]ttorney argument is no substitute for evidence."  *Enzo Biochem Inc. v. Gen-*

---

[1] We take judicial notice of the Census data attached to the examining attorney's brief.  *Spirits International*, 86 USPQ2d at 1085 n.11.

*Probe Inc*., 424 F.3d 1276, 76 USPQ2d 1616, 1622 (Fed. Cir. 2005). Applicant has not included evidence to support its argument concerning a "common understanding among the Japanese" or that "the one meaning found and relied on by the Examining Attorney was taken out of context." We are particularly perplexed by applicant's argument regarding "the one meaning found and relied on by the Examining Attorney" being taken out of context inasmuch as that meaning *matches the one provided by applicant*. Not only did applicant offer "walking, a step" as the translation of its mark but, in addition, it provided a definition from another dictionary that similarly listed "walking; steps; one's pace" as its first definition for "ayumi." Response dated October 10, 2006 at 2. While we agree with applicant that there are some elements of the www.freedict.com dictionary that may not enhance its reliability, when the meaning is consistent with applicant's own translation and applicant's own submitted dictionary definition, it is at least evidence that supports the examining attorney's position.

Once an applicant provides a translation of a foreign term that is a generic or descriptive term for the goods in English, it has a more difficult burden to then show that the term is not merely descriptive or generic. An

applicant is not likely to succeed in this challenge when it relies primarily on the argument of its counsel.

Regarding applicant's argument that the term has multiple meanings in Japanese, the examining attorney has pointed out that terms in English similarly have multiple meanings. This fact hardly prevents common terms like "shoe," "muffler," and "check" from being generic for more than one item. *See* Final Office Action, second page. In this case, applicant's definition also indicates that the term "ayumi" can also be translated as "progress; (an) advance [or] the course of history." Applicant has not provided evidence that explains why consumers familiar with the Japanese language who see the term AYUMI on a pair of shoes for walking would conclude that the term means "progress" as opposed to "walking." Applicant did not even provide this translation in its application. Moreover, applicant itself has highlighted the definition of "Walking" as the translation of the mark. Similarly, when an applicant argued that the Chinese characters in its mark translated "in only a very loose sense" into ORIENTAL DAILY NEWS, the board relied on applicant's own evidence to conclude that the characters were merely descriptive under the doctrine of foreign equivalents. *Oriental Daily News*, 230 USPQ at 637. Thus, we rely on the fact that applicant

translated its mark as "walking" and submitted evidence that the term is, in fact, defined as "walking." We also point out that applicant provided no admissible evidence to explain why Japanese speakers would not translate its mark as it originally specified.

In this case, the examining attorney has refused registration on the ground that the term AYUMI and design is merely descriptive, not generic. Therefore, the examining attorney was not required to show that the term AYUMI necessarily translates as "walking" shoes. *See* Applicant's Brief at 9 ("[T]his definition refers to 'walking' as a <u>noun</u>, rather than as an <u>adjective</u> as the Examining Attorney had held in finding that 'ayumi' means 'walking shoes'"). Nothing prevents the term "ayumi" from being viewed as a noun that merely describes the activity for which the shoes are particularly designed, such as walking, running, soccer, basketball, etc.

We briefly add that while applicant alludes to the action of other trademark offices, it has not submitted any evidence to support its position. Moreover, the board has recently commented that "Applicant's arguments concerning the analysis used by the Japanese Trademark Office to determine the similarity of marks are not relevant." *Thomas*, 79 USPQ2d at 1025 n.7.

In this case, applicant has based its application on

the fact that the foreign characters in its mark あゆみ AYUMI

transliterate as AYUMI.  Applicant has also submitted a

translation of the term AYUMI as "Walking, a step."  Its

goods are broadly identified as "footwear" and footwear

would include various types of shoes including walking

shoes or more generally, shoes that are particularly

suitable for walking.  The dictionary definitions in the

record include definitions of the term "ayumi" as

"walking."  While there are apparently other definitions of

the term "ayumi," the evidence including applicant's own

admissions indicates that "walking" is the primary meaning

of applicant's mark.  Furthermore, the mark is designed in

such a way that those who read Japanese or English would

have a term that they could read (although the English

character word would have no apparent meaning to the

English-only reader).  When the term is viewed in

association with the goods, the term "AYUMI" meaning

"walking" would immediately describe the goods as shoes

that are particularly suited for walking.  While we resolve

doubts in descriptiveness cases in favor of the applicant,

we have no such doubts in this case, and we agree with the

examining attorney that the term あゆみ AYUMI is merely descriptive for applicant's footwear.

Decision: The examining attorney's refusal to register applicant's mark あゆみ AYUMI on the ground that it is merely descriptive of the identified goods is affirmed.