THIS OPINION IS A
PRECEDENT OF THE TTAB

Mailed:
March 25, 2014

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

Trademark Trial and Appeal Board

_____

*In re Morrison & Foerster LLP*

_____

Serial No. 85263950

_____

Jennifer Lee Taylor of Morrison & Foerster LLP for Morrison & Foerster LLP.

Lindsey H. Rubin, Trademark Examining Attorney, Law Office 108 (Andrew Lawrence, Managing Attorney).

_____

Before Seeherman, Taylor and Hightower, Administrative Trademark Judges.

Opinion by Taylor, Administrative Trademark Judge:

Morrison & Foerster LLP ("applicant") seeks registration on the Principal Register of the mark FRANKNDODD (in standard character form) for services ultimately identified as "Providing legal information relating to legislation and law updates."[1]

Registration has been refused under Trademark Act Section 2(c), 15 U.S.C. § 1052(c), on the ground that the mark consists of or includes names identifying two particular living individuals, namely, former Congressman Barney Frank and former Senator Chris Dodd, whose written consents to applicant's registration of the mark are not of record.

---

[1] Application Serial No. 85263950 was filed on March 10, 2011, and is based on an allegation of a *bona fide* intent to use the mark in commerce under Trademark Act Section 1(b), 15 U.S.C. § 1051(b).

When the refusal was made final, applicant appealed and requested reconsideration. On July 30, 2012, the examining attorney denied the request for reconsideration. The appeal resumed on July 31, 2012, and has been fully briefed. We reverse the refusal.

The examining attorney maintains that Section 2(c) of the Trademark Act bars registration of applicant's applied-for mark FRANKNDODD because the names "Frank" and "Dodd" identify particular living individuals, namely, the main contributors to the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank Act," "Dodd-Frank" or "the Act"); and that Mr. Frank and Mr. Dodd "are so well known and famous with regard to the Dodd-Frank Act that the public will associate their names, 'Frank' and 'Dodd,' with the applied-for services and assume they are being identified." E.A. Br. unnumbered p. 3. In support of her position, the examining attorney made of record a Wikipedia entry for the Dodd-Frank Act. The entry indicates, in part, that the bill was initially proposed in the House of Representatives by Barney Frank and in the Senate Banking Committee by Chairman Chris Dodd and that, due to their involvement with the bill, the conference committee voted to name the bill after these two members of Congress. Representative Frank and Senator Dodd also are referred to as the "co-architects" of the Dodd-Frank Act.

The examining attorney also made of record several internet articles and blog postings[2] discussing the Dodd-Frank Act and, in some cases, its sponsors, former Congressman Barney Frank and former Senator Chris Dodd, purportedly showing that the media associates Mr. Frank and Mr. Dodd with the Act. However, in all of these references, the term Dodd-Frank is used to

---

[2] These blog postings are from what appear to be well-established media sources with national circulation and public exposure as well as more obscure blogs for which we cannot ascertain the degree of exposure. As such, we are aware that many of the blogs may simply reflect the perception of a single author and not that of the general public. Nonetheless, even if we give full probative value to each of the cited postings, almost all refer to the Dodd-Frank Act and not the individual former legislators.

refer to the legislation and not to the legislators who sponsored it. That is, Senator Dodd and/or Representative Frank are not referred to individually or collectively as the combination "Dodd-Frank." Excerpts from these articles and postings are set forth below:

*United in Disdain for Dodd-Frank, Wall Street is Split on the Details*
Despite the split, Mr. Sharp of the chamber says the financial industry largely speaks with one voice on Dodd-Frank. (http://dealbook.nytimes.com/2011/10/05/wall-st-united-in-disdain-for-dodd-frand-but-split-on-the-details/);

*shortformblog*
There's three big problems with Dodd-Frank: One, it doesn't provide oversight for Fannie Mae and Freddie Mac…the other two problems with Dodd-Frank? Dodd and Frank (http://shortformblog.tumblr.com/post/12583802107/there's-three-big-problems-with-dodd-frank-one);

*Barney Frank, Financial Overhaul's Defender in Chief* by Ben Portess.
Mr. Frank says he believes the greater threat to Dodd-Frank comes from Congressional Republicans.
(http://dealbook.nytimes.com/2011/07/20/barney-frank-financial-overhauls-defender-in-chief/);

*Dodd-Frank bill has a murky future* by Scott Wong and Ben White.
Republicans are salivating at the chance to repeal the Dodd-Frank Act, … without former Sen. Chris Dodd (D-Conn.) and Frank around to defend the law.
(http://www.politico.com/news/stories/1111/69314.html);

*Barney Frank Says Dodd-Frank Likely Safe Without Him*
Frank announced Monday he would not seek another term, prompting analysts to wonder how the landmark Dodd-Frank law would fare, as Republicans and Wall Street groups try to tear away at it.
(www.foxbusiness.com/economy/2011/11/29/barney-frank-says-dodd-frank-likely-safe-without-him/); and

*Dodd-Frank Disaster* by Joseph Smith.
Yet another controversial area of Dodd-Frank is the sweeping expansion of the Commodities Futures Trading Commission, or CFTC ….

(http:/www.americanthinker.com/2011/10/dodd-frank_distaster.html).

The examining attorney additionally has submitted printouts of six online postings that make reference to the designation FRANKNDODD or FRANKENDODD in connection with the Dodd-Frank Act and/or former Congressman Barney Frank and/or former Senator Chris Dodd. One of the postings refers to applicant's use of the term. In four of the postings, the designation refers to the Act itself, albeit one is somewhat ambiguous in that it refers to the Act, but also alludes to Messrs. Frank and Dodd. The last uses the designation to refer to Congressman Frank and Senator Dodd. Excerpts from these articles are set forth below:

> *From Dodd-Frank to Dud: How Financial Reform May Be Going Wrong* by Jake Bernstein and Jesse Eisinger, <u>ProPublica.</u>
> Dodd-Frank is so sprawling – the legislation runs to more than 2,000 pages – that the law firm Morrison & Foerster dubbed the tracker it created to monitor the implementation process "FrankNDodd."
> (http://thewashingtoncurrent.com/2011/06/from-dodd-frank-to-dud-how-financial.html);

> *FrankenDodd Driving Up Debit Card Fees, Closing Bank Branches* by Lonely Conservative.
> You can thank the Democrats and FrankenDodd, AKA the Dodd-Frank financial reform bill they passed and President Obama signed while they still had a majority in the House.
> (http://lonelyconservative.com/2011/09/frankendodd-driving...);

> *Frankendodd: "George Soros and the Feudal Future of Hedge Funds"*
> Years of concern about giant pools of investment capital …
> concluded in Dodd-Frank's hedge fund regulation requirements…
> (http://climateerinvest.blogspot.com/2011/07/frankendodd-george...);

> *The Rise of the FrankenDodd* posted by Cajun Mark.
> The teleprompter in chief is just licking his chops, and salivating to sign this financial monstrosity we shall herein call Frankendodd, named after it's [sic] creators Rep. Barney Frank … and Sen. Chris Dodd.
> (http://activitypit.ning.com/profiles/blogs/the-rise...);

> *Frankendodd's Financial Reform*
> I have complete confidence that Chris Dodd and Barney Frank
> have finally ensured there will never be a recession ever again.
> The Frankendodd monster is at it again and they're throwing our
> children in a well.
> (http://www.foxnews.com/story/0.2933.593587.00.html); [3] and
>
> *Frankendodd*
> If one were to make a list of the 10 persons most responsible for
> the financial meltdown of our financial system two of them would
> be Congressman Barney Frank … and Senator Chris …Dodd….
> So I found it incredulous that the current regime allowed
> Frankendodd to actually write the bill to repair the damage they
> caused.
> (http://conservinexile.blogspot.com/2011/10/frankendodd.html).

Finally, the examining attorney included a printout from applicant's web page, located at http://www.mofo.com/files/Uploads/Images/04_11_FrankNDodd_2Pg_Flyer.pdf, stating, in part, "[w]e are pleased to announce the launch of our platform for all things Dodd-Frank. FrankNDodd is an online resource that tracks rulemaking pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act."[4]

In countering the examining attorney's evidence, applicant has submitted three internet articles which reference applicant's FRANKNDODD mark and services and mention the allusion applicant seeks to make between the Dodd-Frank Act and the monster in Mary Shelley's *Frankenstein*. None mentions either Chris Dodd or Barney Frank. Excerpts from the articles follow:

---

[3] The writer of this statement is not specifically identified.

[4] The examining attorney also introduced a blog post, with comments, from the website RSREDSTATE titled *Frankndodd or Splitting the Evil Mind From the Beast of Herr Doctor,* posted by Vassar Bushmills. Although the term "Frankndodd" is in the title of the post, it does not appear in the post itself or in any of the comments. Nor is there mention of the Dodd-Frank legislation at all. Instead, it appears to be somewhat of an *ad hominem* attack on Congressman Frank and Senator Dodd. (*http://www.redstate.com/vassar/2010/06/27/frankndood-or-splitting-the-evil-mind-from-the-beast-from-the-herr-doctor/*).

>*Regulators battle the odds on Dodd-Frank* by Shanny Baser.
>So wide-ranging was the scope that law firm Morrison Foerster dubbed the plan "FrankNDodd" after Mary Shelley's Frankenstein monster – the terrifying creature of uncontrollable power. (http://www.efinancialnews.com/story/2011-07-18/regulator-battle...);

>*Four Big Stumbling Blocks for Dodd-Frank* by Jesse Eisinger and Jake Bernstein.
>Dodd-Frank is so sprawling – the legislation runs to more than 2,000 pages – that the law firm Morrison & Foerster dubbed the tracker it created to monitor the implementation process "FrankNDodd."
>(http://articles.businessinsider.com/2011-06-06/wall_street/29984003)1_dodd-frank...);[5] and

>*Experts, lawyers discuss Dodd-Frank's impact, future ahead of first anniversary* by Stuart Gittleman.
>As the Dodd-Frank Wall Street Reform and Consumer Protection Act approaches age one on July 21, its chief beneficiaries so far – consultants, lawyers, and lobbyists – are touting their successes and preparing for their continuing efforts. One such event was held Thursday at the New York office of Morrison & Foerster, whose FrankNDodd website compares the statute to the monster created through what author Mary Shelley saw as uncontrolled ambition, with uncontrollable results. The MoFo lawyers correctly noted that the Dodd-Frank Act is bolted together from 15 separate laws passed as a package and that it is designed to rein in the human instinct of ambition even as it approached destructive hubris.
>(http://www.complinet.com/global/news/article.html?ref=145650).

Applicant also draws an analogy to the Sarbanes-Oxley Act and, in that regard, made of record three Wikipedia entries featuring the Act, former Senator Paul Sarbanes and former Representative Michael G. Oxley, respectively. The entry for the Sarbanes-Oxley Act indicates, in part, that the Act is a United States federal law that set new or enhanced standards for public company boards, management and public accounting firms, and is named after its sponsors

---

[5] We note that the examining attorney also relied on the full version of this article titled *From Dodd-Frank to Dud: How Financial Reform May Be Going Wrong*, quoted *supra* at page 5.

Senator Paul Sarbanes and Congressman Michael Oxley, who are living individuals. Applicant also introduced copies of third-party registrations taken from the Trademark Applications and Registrations Retrieval (TARR) database of the USPTO for the marks SARBANES OXLEY EXPRESS for "computer software and downloadable software for preparation and management of financial and corporate reporting and regulatory information" (SARBANES OXLEY disclaimed) (Principal Register Registration No. 2962384) and SARBANES-OXLEY REPORTER for "Providing legal information on Sarbanes-Oxley regulations via the Internet" (Supplemental Register Registration No. 3266947), noting that these registrations do not reflect consents to register from either Mr. Sarbanes or Mr. Oxley. Finally, applicant introduced two internet articles discussing the Sarbanes-Oxley Act.

Applicant contends that its mark is not barred under Section 2(c) because the mark FRANKNDODD refers to the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank" Act) and not the particular individuals, Congressman Barney Frank and Senator Chris Dodd, and that the public will not associate either individual with applicant's mark.

Section 2(c) of the Trademark Act, 15 U.S.C. § 1052(c), prohibits the registration of any mark that "[c]onsists of or comprises a name … identifying a particular living individual except by his written consent." The Section 2(c) bar to registration pertains to marks containing not only full names, but also surnames, shortened names, nicknames, etc., so long as the name in question does, in fact, 'identify' a particular living individual. *In re Sauer*, 27 USPQ2d 1073, 1074 (TTAB 1993), *aff'd*, 26 F.3d 140 (Fed. Cir. 1994).

We preliminarily note that in its briefs applicant has devoted extensive argument to whether Section 2(c) bars the registration of marks that consist of or comprise names identifying *things* that are not living individuals, but which were named for living individuals. Applicant

argues that the purpose of Section 2(c) in requiring living individuals to consent to the registration of their names is to protect their rights of privacy and publicity, and that Congressman Frank and Senator Dodd willingly lent their names to the Dodd-Frank Act, such that reference to the Dodd-Frank Act is not a "commercial exploitation" in any way of the Frank and Dodd names. Applicant's Br. p. 4. We do not, and need not, consider whether a legislator gives up his or her right to privacy by allowing legislation to be named after him or her. This case, as discussed more fully *infra*, turns on whether or not the public perceives applicant's mark FRANKNDODD as identifying the particular living individuals, Congressman Barney Frank and Senator Chris Dodd. We nonetheless note in passing that neither the statute nor the case law carves out a "legislation" exception to the right of privacy and publicity.

Applicant next relies on two decisions, one an unpublished Board opinion, namely *Fabiano's Sweet Shoppe, LLC v. Fabiano's Homemade Candies*, Opposition No. 91151432, 2005 TTAB LEXIS 96, at *24 (TTAB February 24, 2005) and the other a district court opinion, *Rick v. Buchansky*, 609 F.Supp. 1522, 1538-39, 226 USPQ 449 (S.D.N.Y. 1985), arguing that in recognition of the policy underlying Section 2(c), i.e., the right to privacy and publicity, courts have "applied the provision in a nuanced manner that distinguished between marks clearly identifying a particular living individual and marks that identify other things named for the individual." Applicant's Reply br. p. 3. *Fabiano* is not a precedent of the Board and therefore we see no need to discuss it in this opinion.[6] As for *Buchansky,* the mark at issue did not directly identify a particular living individual. Although we recognize the distinction applicant is trying

---

[6] Although parties may cite to non-precedential decisions, the Board does not encourage the practice. *Corporacion Habanos SA v. Rodriguez,* 99 USPQ2d 1873, 1875 n.5 (TTAB 2011). *See also In re Luxuria s.r.o.,* 100 USPQ2d 1146, 1151 n.7 (TTAB 2011) (parties may cite to non-precedential decisions, but they are not binding on the Board and because they have no precedential effect, the Board generally will not discuss them in other decisions).

to make, at bottom, applicant's arguments are grounded in its contention that its FRANKNDODD mark references the Dodd-Frank Act as opposed to the living individuals, Congressman Barney Frank and Senator Chris Dodd – the Act's sponsors for whom the act is named, and it is that contention we address in this decision.

A name is considered to "identify" a particular living individual for purposes of Section 2(c) only if the "individual bearing the name in question will be associated with the mark as used on the goods [or services], either because the person is so well known that the public would reasonably assume the connection, or because the individual is publicly connected with the business in which the mark is used." *Krause v. Krause Publications Inc*., 76 USPQ2d 1904, 1909-10 (TTAB 2005), *quoting Martin v. Carter Hawley Hale Stores, Inc.*, 206 USPQ 931, 933 (TTAB 1979).

In this case, there is nothing of record to suggest that either Congressman Frank or Senator Dodd is connected, publicly or otherwise, to applicant's provision of legal information services, so we look to whether Mr. Frank and Mr. Dodd are so well known that the public would reasonably assume a connection between the applied-for mark FRANKNDODD, which includes the surnames of both individuals, and applicant's identified services. The record before us does not support such a connection. First, applicant's mark utilizes both surnames and the evidence reflects that where both surnames are combined into a single expression in the media, it is the Act, and not the individual legislators themselves for which the Act is named, that is being referenced. As indicated in the exemplars of record, the media commonly refers to the Act simply as "Dodd-Frank" or the "Dodd-Frank Act." By contrast, when the legislators are mentioned, each is referred to individually by using his full name, first name, title or surname. The evidence simply does not support the examining attorney's assertion that the Dodd-Frank

9

Act and the individual legislators who developed it have become synonymous in public discussion, even though they are the only people with those surnames associated with the Dodd-Frank Act. Nor does the record demonstrate that FRANKNDODD (or FRANKENDODD) has become a nickname of the two legislators, such that the consuming public will believe that applicant's FRANKNDODD mark indicates a connection between the individuals, Congressman Barney Frank and Senator Chris Dodd, and applicant's services. The single blog post that clearly uses FRANKENDODD to refer to the individual legislators, (http://conservinexile.blogspot.com/2011/10/frankendodd.html), is insufficient to establish that FRANKENDODD is a recognized nickname of the legislators given the dearth of information regarding its audience, and there is only one other post that uses FRANKENDODD to allude to the legislators, (http://www.foxnews.com/story/0.2933.593587.00.html), but it also uses the term to refer to the Act itself.

More importantly, the mark in question is not Dodd-Frank, but FRANKNDODD. The reversal of the order of the names in the title of the Dodd-Frank Act, and the addition of the "N" in applicant's FRANKNDODD mark, results in an allusion to the name popularly attributed to the monster in Mary Shelley's *Frankenstein*. As applicant points out, this allusion to the Frankenstein monster has been echoed by some commentators who have drawn an analogy between the purportedly sprawling nature of the Dodd-Frank Act and the Frankenstein monster. For example, as noted above, in the article *Experts, lawyers discuss Dodd-Frank's impact, future ahead of first anniversary*, Mr. Gittleman notes the comparison made by applicant on its website between the Dodd-Frank Act and the Frankenstein monster, and further extends the allusion as he notes that the Dodd-Frank Act is bolted together from 15 separate laws. Although the examining attorney argues on the one hand that applicant's mark particularly identifies Senator

Chris Dodd and Congressman Barney Frank, she acknowledges on the other hand that "the wording 'FRANKNDODD' has been created to suggest that the Dodd-Frank Act is a bad piece of legislation with dire consequences." E.A. Br. unnumbered p. 5.

We also find this case distinguishable from *In re Hoefflin*, 97 USPQ2d 1174 (TTAB 2010), relied upon by the examining attorney. In *Hoefflin*, the Board affirmed the refusals to register three marks, OBAMA BAHAMA PAJAMAS, OBAMA PAJAMA and BARACK'S JOCKS DRESS TO THE LEFT under Section 2(c), finding that the "obamafication" sweeping the nation and the particular fame of a historic figure such as President Obama left "no doubt … that purchasers would recognize that [the marks] are referring to the Forty-Fourth President of the United States." *Id* at 1176-77. As previously stated, the Dodd-Frank Act is the name of a statute, rather than merely the names of the individuals Barney Frank and Chris Dodd; moreover, FRANKNDODD goes beyond the name of the Act, to make a comment on the legislation itself.

In sum, the record here simply does not support a finding that FRANKNDODD is perceived by the consuming public as directly identifying the particular individuals Barney Frank and Chris Dodd. Indeed, the examining attorney acknowledges that the wording FRANKNDODD also refers to the Act.[7] In coming to this conclusion, we are not persuaded by applicant's contention that because the Office previously registered "Sarbanes-Oxley" marks that include the title of legislation named after its sponsors for use in connection with services regarding that legislation, its applied-for mark should also register. While the registrations shed light on how the Office treated those particular marks, as the examining attorney aptly points out,

---

[7] In arguing her position, the examining attorney admitted that applicant's FRANKNDODD mark did not solely identify the individuals Barney Frank and Chris Dodd by her statement that "the Dodd-Frank Act is clearly associated with these two men in such a way that consumers will immediately recognize the wording 'FRANKNDODD' *as referring not only to the Act* but also to the individuals for whom it is named." E.A. Br. unnumbered p. 3 (emphasis added).

prior decisions and actions of other trademark examining attorneys in registering different marks are not binding upon the Board. As has been noted many times, each case must be decided on its own facts. *See In re Nett Designs Inc.,* 236 F.3d 1339, 57 USPQ2d 1564, 1566 (Fed. Cir. 2001) ("Even if some prior registrations had some characteristics similar to [applicant's] application, the PTO's allowance of such prior registrations does not bind the Board or this court."); *In re Merrill Lynch, Pierce, Fenner & Smith Inc*., 828 F.2d 1567, 4 USPQ2d 1141, 1142 (Fed. Cir. 1987). Nonetheless, for the reasons set forth above, we find in this case that applicant's FRANKNDODD mark does not identify the particular living individuals, Congressman Barney Frank and Senator Chris Dodd.

In conclusion, the record shows that applicant's FRANKNDODD mark would be understood by the relevant consuming public as referencing and commenting on the Dodd-Frank Act, rather than as specifically identifying Congressman Barney Frank and Senator Chris Dodd. Accordingly, no consent by these individuals is required by Section 2(c) of the Lanham Act.

**Decision:** The refusal to register is reversed.