NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

―――――――――――

**IN RE:  A. ZETA S.R.L.,**
*Appellant*

―――――――――――

2022-1178

―――――――――――

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 88300086.

―――――――――――

Decided:  June 10, 2022

―――――――――――

JOHN P. MURTAUGH, Pearne & Gordon LLP, Cleveland, OH, for appellant.

THOMAS L. CASAGRANDE, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Katherine K. Vidal.  Also represented by CHRISTINA J. HIEBER, THOMAS W. KRAUSE, FARHEENA YASMEEN RASHEED.

―――――――――――

Before MOORE, *Chief Judge*, TARANTO and STARK, *Circuit Judges*.

STARK*, Circuit Judge*.

A. ZETA S.R.L. ("Zeta") appeals the Trademark Trial and Appeal Board's ("Board") decision affirming the trademark examining attorney's refusal to register the mark PARMA COFFEE because it was primarily geographically descriptive under 15 U.S.C. § 1052(e)(2).  For the reasons discussed below, we affirm the Board's decision.

I

Zeta filed an application under 15 U.S.C. § 1051(b) to register PARMA COFFEE for "Chocolate; Chocolate-based beverages; Cocoa; Cocoa-based beverages; Coffee extracts; Coffee and coffee substitutes; Honey; Honey substitutes; Natural sweetener; Sugar; Tea; Tea extracts; Tea-based beverages; Preparations for making coffee-based beverages."  Joint Appendix ("J.A.") 14-20.

The examining attorney issued an initial office action preliminarily finding that the proposed mark was primarily geographically descriptive of Parma, Italy and, therefore, refusing registration under 15 U.S.C. § 1052(e)(2).  The examining attorney requested a written response from Zeta specifying "where the goods . . . will come from or will originate."  J.A. 24.

In response, Zeta "confirm[ed] that the goods in question are being developed in Parma, Italy."  J.A. 48.  Nevertheless, Zeta argued that its mark was not primarily geographically descriptive because third parties held existing U.S. trademark registrations for PARMA in connection with various goods and services.[1]

The examining attorney entered a final refusal because the mark was primarily geographically descriptive.  Zeta appealed to the Board, which affirmed on the same basis.

---

[1]    Upon request, Zeta disclaimed exclusive rights in the generic term COFFEE except in connection with the full mark.

Zeta timely appealed the Board's decision. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(B).

## II

Whether a mark is primarily geographically descriptive is a question of fact reviewed for substantial evidence. *See In re The Newbridge Cutlery Co.*, 776 F.3d 854, 857 (Fed. Cir. 2015). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks omitted). The amount of evidence required is "not high," although "more than a mere scintilla" is needed. *Id.* (internal quotation marks omitted).

The Patent and Trademark Office ("PTO") generally must refuse registration of a mark that is primarily geographically descriptive. *See* 15 U.S.C. § 1052(e)(2). A mark is primarily geographically descriptive if (1) "the mark sought to be registered is the name of a place known generally to the public," (2) "the source of the goods is the geographic region named in the mark," and (3) "the public would make a goods/place association, i.e., believe that the goods for which the mark is sought to be registered originate in that place." *Newbridge*, 776 F.3d at 860-61 (internal quotation marks omitted).

The record contains substantial evidence supporting the Board's conclusion that each of these requirements is met. Parma is well-known to be a city in northern Italy, *see, e.g.*, J.A. 26-38, a fact Zeta has not challenged at any point. Parma is the source of the goods, as Zeta itself stated in response to the examining attorney's inquiry. J.A. 24, 48. Where, as here, the geographic meaning of the term to be registered is generally known, and the goods to be marked originate from the place named in the mark, the PTO may presume that the consuming public for the goods will make a goods/place association. *See Newbridge*, 776 F.3d at 861 (noting potential propriety of such

presumption).  Nor does the record contain any persuasive evidence to support a contrary conclusion about consumer perception.

On appeal, Zeta argues that its goods do not originate in Parma.  It contends that coffee, tea, and cocoa do not grow in Italy (and are known by the public not to be grown in Italy), so the goods to be sold do not "originate" in Parma. Zeta did not make this argument before the Board.  J.A. 4 ("Applicant does not argue that the goods will not originate from Parma, Italy.").  Accordingly, it is forfeited.  *See Piano Factory Grp., Inc. v. Schiedmayer Celesta GmbH*, 11 F.4th 1363, 1375 (Fed. Cir. 2021); *see also In re Google Tech. Holdings LLC*, 980 F.3d 858, 862-64 (Fed. Cir. 2020). While we might consider a position not raised before the Board in exceptional circumstances, *see Piano Factory*, 11 F.4th at 1375, Zeta identifies no such circumstances – nor even any explanation for its failure to present this argument to the Board.  Moreover, if we were to consider this argument, the record lacks any evidence to support it; mere attorney argument cannot suffice.  *See, e.g.*, *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 23 (Fed. Cir. 2012).

Zeta further faults the Board's decision for being inconsistent with numerous other occasions on which the PTO has allowed Parma and other city names in existing trademark registrations.  The Board's conclusion that Zeta's mark was primarily geographically descriptive is not undermined by Zeta's laundry list of existing U.S. trademark registrations including Parma and other cities.  Many of these registrations are raised for the first time on appeal – so Zeta forfeited any argument with respect to them.  *See In re Google Tech.*, 980 F.3d at 862-64.  The few registrations that Zeta actually raised before the Board are of little persuasive value and do not detract from the Board's ultimate conclusion.  Each registration concerns a mark used in a different context.  *See In re Nett Designs, Inc.*, 236 F.3d 1339, 1342 (Fed. Cir. 2001) (finding little persuasive value

in similar registrations, which do not bind Board or this Court, since each mark must be reviewed on basis of application at issue).

We have considered Zeta's additional arguments and find them unpersuasive.[2]

## III

For the foregoing reasons, we affirm the Board's decision.

**AFFIRMED**

---

[2]    Although not argued as a basis for its appeal, we recognize that Zeta amended its application to rely on its foreign registration, pursuant to 15 U.S.C. § 1126(e). Zeta's foreign registration does not automatically result in a U.S. trademark registration. *See In re Rath*, 402 F.3d 1207, 1214 (Fed. Cir. 2005). Zeta's mark still had to meet the requirements of U.S. law, including that it not be primarily geographically descriptive. *See id.*